KATHERINE M. BISSELL ET AL. *v.* MAX LOWENTHAL ET AL.

SUPERIOR COURT     LITCHFIELD COUNTY     FILE No. 16746

Memorandum filed January 16, 1962

*Keogh, Candee & Burkhart,* of Norwalk, for the plaintiffs.

*Abram W. Spiro,* of Danbury, for the defendants.

MEYERS, J. The defendants seek to render ineffective the attachments made in this action on the ground that there was a failure to comply with the statutory requirement of a court order for them.

Our legislature seeks neither to fetter nor to preclude the orderly process and progress of causes of action. However, it properly does guard against the abuse of the right of attachment and the sometimes overpowering influence of that right. Comments, 26 Conn. B.J. 89, 97. It has seen fit to establish procedural safeguards in certain areas which are deemed particularly vulnerable in this respect. Among these protective measures is the enactment of what is now § 52-279 of the General Statutes, the pertinent portion of which is as follows: "No attachment shall be made in any action for slander or alienation of affections except upon order of the court to which the writ is made returnable."

The first count does not state a cause of action for damages. Involved in the second count is a claim of slander of the plaintiffs' title to property in Bridgewater. It will be observed that in the statute no procedural distinction is made between actions for slander and actions for slander of title. Though our cases do not furnish any specific light on the problem, courts in other jurisdictions go further than merely to find that no difference exists in the actions of these delicts; they press the point that there is no reason for a difference. *Old Plantation Corporation* v. *Maule Industries, Inc.,* 68 So. 2d 180; 183 (Fla. 1953); *Billingsley* v. *Townsend,* 132 Ohio St. 603 (1937); *Carroll* v. *Warner Bros. Pictures,* 20 F. Sup. 405 (S.D.N.Y. 1937). It would seem to this court that whether a false and malicious statement tends to injure another as to his reputation or is in derogation of his title to property is not important or determinative of whether § 52-279 controls. This statutory provision is clear. Had our legislature desired to create such a differentiation, it might have done so by specifically excepting a cause for slander of title from the prohibition against attachment except by court order. Such a

cause has been excepted elsewhere by specific language. N.C. Gen. Stat. § 28-175 (1950).

Sections 52-279 requires that an order of this court be had before any attachment is made in an action such as is contained in the second count. As there was no such order, the attachments were improper at the time the action was brought, and therefore they are declared to be a nullity and are ordered dissolved.