## United States Steel Corporation, Appellant, v. Workmen's Compensation Appeal Board and Thomas Elkins, Appellees.

36

Argued December 6, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

Richard F. Lerach, for appellant.

Alexander J. Pentecost, with him James N. Diefenderfer, for appellees.

OPINION BY JUDGE BLATT, March 18, 1975:

In this action the United States Steel Corporation (employer) appeals from the decision of the Workmen's Compensation Appeal Board (Board) which affirmed with modifications the referee's grant of benefits to Thomas P. Elkins (claimant) for the loss of his left foot.

On October 22, 1968 the claimant suffered the amputation of all five toes and portions of the metatarsal bones of his left foot while in the course of his employment at one of the employer's plants. On December 6, 1968, pursuant to the Pennsylvania Workmen's Compensation Act[1], the claimant filed a petition for benefits alleging that he suffered "industrial loss of a foot." He subsequently withdrew the petition, however, and entered into an agreement with the employer for compensation for the specific loss of all five toes.[2] Under the agreement, benefits were paid over the maximum allowable period of 104

---

1. The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §1 et seq.

2. Section 306(c) of The Pennsylvania Workmen's Compensation Act, 77 P.S. §513.

weeks after which they were suspended. Thereafter, on August 9, 1972, the claimant filed a petition for review alleging that he was entitled to additional specific losses. After hearings, the referee found as fact that "the claimant suffered the industrial loss of his left foot" and awarded additional benefits for a maximum period of 150 weeks under Section 306 (c) of The Workmen's Compensation Act, 77 P.S. §513. On appeal the Board affirmed but modified the schedule for payments to include a credit for all payments made pursuant to the agreement for compensation for the loss of five toes. The employer has now appealed to this Court.

Our scope of review, in a case such as this where the Board takes no additional evidence, is limited to a determination of whether errors of law were committed and whether the findings of the referee are supported by substantial evidence. Here, the employer asserts that the record cannot support the referee's finding with respect to the loss of the claimant's foot and that the wrong test was used in arriving at that determination. Section 306 (c) of The Workmen's Compensation Act, 77 P.S. §513 specifies amputation at the ankle as the equivalent of the loss of a foot. Fortunately for him, the claimant did not lose so substantial a portion of his foot as to fall within that specification. The recovery of benefits by this claimant, therefore, must necessarily be based upon the permanent loss of the *use* of his foot as the equivalent of the loss of the foot. Section 306 (c), The Workmen's Compensation Act, 77 P.S. §513.

Although our review of the record leads us to believe that substantial evidence is present to support the referee's finding that the claimant did lose the *industrial use* of his foot, this is not the proper test to determine whether or not the claimant is entitled to benefits for the loss of the use of his foot.

Throughout the long legislative history of the much amended Workmen's Compensation Act numerous tests have been applied to determine whether or not a claim-

ant has suffered the permanent loss of use of an injured member. *Curran v. Knipe § Sons, Inc.*, 185 Pa. Superior Ct. 540, 138 A.2d 251 (1958). At one time the act referred to the claimant's loss of use of the member for *industrial purposes*. Section 306(c) of The Workmen's Compensation Act, Act of June 4, 1937, P.L. 1552. Since 1939, however, that test has been deleted and the proper test now is whether or not the claimant has suffered the permanent loss of use of the injured member *for all practical intents and purposes*. *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 612, 309 A.2d 172 (1973); *Verna v. Stabler*, 204 Pa. Superior Ct. 87, 203 A.2d 578 (1964); *Curran v. Knipe & Sons, Inc., supra.*

"This is not the same test as the 'industrial use' test, although the two would often bring the same result if applied in particular cases. Generally the 'all practical intents and purposes' test requires a more crippling injury than the 'industrial use' test in order to bring the case under Section 306(c) supra." *Curran v. Knipe & Sons, Inc.*, 185 Pa. Superior Ct. at 547, 138 A.2d at 255. Obviously, therefore, the referee and the Board have awarded benefits here upon findings requiring a less stringent burden of proof than was necessary for such an award. Inasmuch as we may not review the testimony to substitute our own findings or to determine whether or not the claimant has met the more stringent burden, we must remand the case to the Board for the appropriate determination.

Accordingly, we enter the following

### ORDER

AND NOW, this 18th day of March, 1975, the appeal by the United States Steel Corporation from the decision of the Workmen's Compensation Appeal Board dated January 24, 1974 is hereby sustained and the record is remanded to the Board for findings consistent with this opinion.