Certainteed Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Jack P. Wiley, Respondents.

Argued December 12, 1980, before Judges WILKIN-SON, JR., WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*David L. White,* for petitioner.

*Joseph Lurie,* with him *Ala Hamilton Day, Galfand, Berger, Senesky, Lurie and March,* for respondents.

OPINION BY JUDGE WILLIAMS, JR., March 19, 1981:

Certainteed Corporation (appellant) seeks reversal of an Order of the Workmen's Compensation Appeal Board (Board) which suspended the benefits of Jack P. Wiley (claimant) and directed the appellant to pay Wiley's attorney fees. The appellant contends that the referee below committed error by suspending, instead of terminating, Wiley's benefits.

Wiley was employed by the appellant in the capacity of "clean-up relief." He was injured on the job when he was pinned against a wall by a fork lift on April 10, 1978. As a result of this incident he was

treated by Rocco J. De Masi, M.D., for multiple contusions of the left thorax, left lung, and several leg muscle strains. Although advised by Dr. De Masi to refrain from working, Wiley returned to work the following day; and for the next three weeks he received full wages from the appellant in return for working one hour a day. Thereafter, he ceased working and received compensation from May 1, 1978, to May 16, 1978.

On May 17, 1978, he returned to work after being instructed by Dr. De Masi to "return to full employment." From May 17, 1978, until August 18, 1978, he worked a full eight hour day plus four hours overtime, daily; he averaged sixty hours a week.

On July 20, 1978, Certainteed filed a "Petition for Termination, Suspension, or Modification of Compensation." A hearing was held before a referee, who suspended the claimant's benefits; the referee denied termination of claimant's benefits on the basis that the claimant still suffered from a disability of an "undetermined nature." The referee also found that the appellant had instituted an "unreasonable contest," and thus ordered the appellant to pay the claimant's litigation costs. The appellant appealed the referee's decision to the Board. The Board affirmed the referee, and the appellant brings this appeal from the Board's Order.

Appellant first contends that the referee's decision that claimant's disability had not ceased was not supported by substantial evidence. We find this contention to be without merit. The appellant filed a "Petition to Terminate, Suspend or Modify Compensation." To prevail on Termination, appellant has the burden of proving conclusively that the claimant's disability has terminated. *Walther v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 122, 388 A.2d 1166 (1978); *Peoples Gas Heating Co. v. Workmen's*

*Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 530, 382 A.2d 484 (1978). In attempting to meet this burden, appellant presented documentary evidence that the claimant was instructed to return to full employment by his physician on May 17, 1978; and that the claimant did so, working an average of four hours overtime daily. The claimant admitted these facts, but also testified that as of the hearing date, August 18, 1978, he remained disabled by continual soreness in his legs, ribs and chest. No medical evidence was adduced by the appellant to refute this testimony of the claimant.

Clearly, claimant's unrefuted testimony of continued disabling pain constitutes substantial evidence sufficient to negate the employer's allegation that Wiley's disability had ceased, or terminated altogether; and supports the referee's finding that the appellant did not carry its burden as to termination. It is therefore our conclusion that the Order of Suspension issued by the referee in the alternative, and affirmed by the Board, was proper.

Appellant next contends that the assessment of counsel fees against appellant was improper. We agree, and must reverse the award to the claimant. The law is clear that, in a proceeding on a Petition to Terminate, an award of attorney fees is proper only where the employer has not established a reasonable basis for the contest. *Edmond v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 458, 402 A.2d 715 (1979). The record before us presents undisputed evidence that the claimant had returned to work on a steady overtime basis as alleged by the appellant. The claimant, by admission, elevated this allegation to fact. In light of this fact, a reasonable man, acting reasonably, would certainly be compelled to contest such a continuing disability; and the referee's holding to the contrary was error.

Therefore, the Order of the Workmen's Compensation Appeal Board is reversed as to the award of attorney fees to the claimant, Jack P. Wiley; and affirmed in all other particulars.

### ORDER

AND Now, this 19th day of March, 1981, the Order of the Workmen's Compensation Appeal Board, at No. A-76953, denying Certainteed Corporation's petition to terminate, is affirmed, and is modified as follows:

The award of One Hundred Dollars to counsel for the claimant, Ala Hamilton-Day, Esquire, as attorney fees, is hereby vacated.