Dallese Jones, Petitioner *v.* Workmen's Compensation Appeal Board (First Pennsylvania Bank), Respondents.

Submitted on briefs June 8, 1983, to Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Stephen E. Levin,* for petitioner.

*Howard M. Ellner,* for respondents.

OPINION BY JUDGE CRAIG, August 12, 1983:

Dallese Jones appeals a per curiam decision by the Workmen's Compensation Appeal Board which affirmed a referee's order terminating her benefits. On the issue of entitlement to a rehearing as a result of after-discovered evidence, we reverse and remand.

A secretary/receptionist for the First Pennsylvania Bank, Mrs. Jones suffered a work-related injury to her right hand, wrist and forearm; her employer's insurance carrier voluntarily accepted her claim and filed a Notice of Compensation Payable.

Two years later, Dr. John T. Williams, a board-certified orthopedist, examined Mrs. Jones and found nothing physically wrong with her. Based upon that examination, First Pennsylvania filed a petition for termination.

By deposition, Dr. Newton Spencer, an orthopedist, testified that Mrs. Jones continued to suffer from two separate conditions causally related to her injury: (1) chronic traumatic adhesive tenosynovitis of the extensor and abductor tendons of the right thumb (De-Quervain's Disease) and (2) chronic ulnar neuropathy with compression of the ulnar nerve at the medial condyle of the right elbow. Dr. Spencer concluded that Mrs. Jones' condition would prevent her return to full-time secretarial duties.

Dr. Williams, however, confirmed by deposition his previous diagnosis. The referee terminated Mrs. Jones' benefits as of the date of Dr. Williams' examination.

After the claimant appealed to the board, the claimant's attorney informed the board by letter that Mrs. Jones had undergone surgery for her right arm, enclosing copies of hospital records which revealed

the final diagnosis to be "DeQuervain's of the right wrist and early traction inflammatory response of the ulnar nerve at the elbow." Accordingly, he asked the board to remand his client's case to the referee for consideration of this new medical information. The board ignored counsel's request and affirmed the referee's decision.

Although counsel for Mrs. Jones did not file a formal petition for rehearing under section 426 of The Pennsylvania Workmen's Compensation Act,[1] we believe that his request for a remand, supported by accompanying hospital records, constituted the equivalent of such a petition. See *Royal Factories, Inc. v. Garcia*, 17 Pa. Commonwealth Ct. 59, 62, 330 A.2d 864, 866 (1975) (liberal construction of Act and policy of avoiding fruitless technicalities militates against strictness of pleading in workmen's compensation cases).

The purpose of granting a rehearing is to allow a party to present newly discovered, noncumulative evidence. *Leskin v. Workmen's Compensation Appeal Board*, 70 Pa. Commonwealth Ct. 539, 541, 453 A.2d 715, 716 (1982); the decision to grant or deny a rehearing is within the board's discretion and will only be reversed for an abuse of that discretion. *Anderson v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 582, 585, 414 A.2d 774, 776 (1980). Here, the claimant sought to introduce after-discovered evidence of DeQuervain's Disease and ulnar nerve inflammation, which is relevant to the issue of whether or not she continued to be disabled. Mindful that in termination petition cases, an employer must prove conclusively the termination of a claimant's disability, *Certainteed Corp. v. Workmen's Compensation*

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §871.

*Appeal Board,* 57 Pa. Commonwealth Ct. 646, 648, 426 A.2d 1282, 1282 (1981), we conclude that the board abused its discretion by ignoring Mrs. Jones' request.

Accordingly, we reverse the order of the board and remand this case with instructions that the requested rehearing be granted.

ORDER

Now, August 12, 1983, the order of the Workmen's Compensation Appeal Board, dated November 19, 1981, is reversed and this case is remanded to the board with instructions that a rehearing be held before a referee to consider after-discovered medical evidence described in this opinion.

Jurisdiction relinquished.