Sophie Cisco, Petitioner *v.* Workmen's Compensation Appeal Board (A & P Tea Company), Respondents.

Submitted on briefs December 12, 1984, to Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*David Kanner*, for petitioner.

*Gregory D. Geiss, Swartz, Campbell & Detweiler*, for respondent, A & P Tea Company.

OPINION BY JUDGE DOYLE, March 8, 1985:

Sophie Cisco (Claimant) appeals from the decision of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision terminating Claimant's benefits under Section 408 of The Pennsylvania Workmen's Compensation Act (Act).[1]

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §732.

Claimant suffered a back injury on July 11, 1978, while employed at the A & P Tea Company (Employer) and began receiving disability compensation pursuant to a Notice of Compensation Payable. Claimant returned to work in September of 1978, but during the next two years suffered periodic reoccurrences of her injury which resulted in a series of six supplemental agreements, the last of which was executed on November 19, 1980. On March 30, 1981, Employer filed a petition for termination of the November, 1980 agreement, alleging that Claimant had fully recovered.

After a full hearing, the referee granted Employer's petition, and terminated benefits. On appeal to the Board, Claimant alleged that Employer had withdrawn from a binding settlement agreement entered into subsequent to the referee's hearing, and requested a remand for additional evidence on that issue. The Board denied the request, and affirmed the referee's decision. Appeal to this Court followed.[2]

Claimant argues that the Board erred in failing to grant a remand for additional evidence on the settlement agreement. A request for remand to the referee, when accompanied by supporting evidence, constitutes the equivalent of a petition for rehearing, which is granted to allow a party to present newly discovered,

---

[2] An Employer seeking to terminate or modify a Workmen's Compensation award or agreement must prove that the Claimant's disability has ceased or has been reduced and that work is available which is within the capabilities of the Claimant. *Coastal Tank Lines, Inc. v. Workmen's Compensation Appeal Board (Swick)*, 72 Pa. Commonwealth Ct. 308, 457 A.2d 149 (1983). Where, as here, the party with the burden of proof has prevailed before the referee and the Board has taken no additional evidence, our scope of review is limited to determining whether an error of law was committed or necessary findings of fact were unsupported by substantial evidence. *JAB Enterprises, Inc. v. Workmen's Compensation Appeal Board (Haehn)*, 79 Pa. Commonwealth Ct. 638, 470 A.2d 210 (1984).

noncumulative evidence. *Jones v. Workmen's Compensation Appeal Board (First Pennsylvania Bank)*, 76 Pa. Commonwealth Ct. 345, 347, 463 A.2d 1266, 1267 (1983). The decision whether to grant or deny such petition is within the Board's discretion and will not be reversed except for an abuse of that discretion. *Id.* at 347, 463 A.2d at 1268. We note that Claimant raised her request for remand in the context of her appeal from the referee's decision; thus the Board was technically correct in concluding that it could not consider the non-record evidence, and thus could not reach the merits of the request. We conclude, however, that even had the request been properly brought as a separate action under Section 426 of the Act,[3] 77 P.S. §871, the result would have been the same.

The only documents submitted to the Board in support of the claim of an agreement were two letters from Employer's attorney. Section 407 of the Act, 77 P.S. §731 requires that:

> [a]ll agreements made in accordance with the provisions of this section shall be on a form prescribed by the department, signed by all parties in interest, and a copy or copies thereof forwarded to the department as required by rules and regulations.

The documents in question do not purport to be agreements of any sort. They are not signed by all parties in interest, nor are they on the form prescribed by the department.[4] These documents, even if entered into

---

[3] *Added by* Section 6 of the Act of June 26, 1919, P.L. 642, *as amended.*

[4] One letter, written September 2, 1982, advised Claimant's attorney of a new settlement offer from Employer's Insurance Company. The second letter, written October 19, 1982, stated that Employer had changed insurance companies and that briefs would not be filed with the referee until the new company could consider counsels' proposed settlement.

evidence, could not therefore have supported a finding that a binding agreement had been entered. The Board cannot be said to have abused its discretion in denying a request for remand where Claimant has failed to show how the newly discovered evidence could change the outcome of the case. *See Young v. Workmen's Compensation Appeal Board (Britt & Pirie, Inc.),* 72 Pa. Commonwealth Ct. 471, 475, 456 A.2d 1150, 1152 (1983).

Claimant also argues that the referee erred in failing to consider the medical reports of three doctors retained by Employer. Claimant contends that although these doctors did not testify at the hearing and their reports were not submitted into evidence, such reports are nonetheless part of the record before the referee pursuant to Section 403 of the Act, 77 P.S. §714, which states:

> All petitions, all copies of notices of compensation payable and agreements for compensation, and all papers requiring action by the department and its referee or the board, shall be mailed or delivered to the department at its principal office.

Claimant apparently contends that pursuant to this section, Employer should have submitted reports of all medical examinations taken of Claimant. It is clear, however, that medical reports are not the type of documents specified in Section 403, nor can they be construed as "papers requiring action" under that section. Therefore, such reports were not part of the record and could not have been considered by the referee in reaching his decision.

Finally, Claimant argues that there was a lack of substantial evidence to support the finding of full recovery. Claimant argues that her own testimony that she had taken Darvon, a pain reliever, before she was

examined by Employer's medical expert, affects the credibility of that expert's testimony. A review of the record discloses that the medical expert, Dr. Martin Blaker, clearly testified that Claimant had no residual disability and could perform all of her pre-injury work. He further indicated that, had Claimant taken Darvon before the examination, it would not have totally "masked" her complaints as to pain. The referee chose to believe Dr. Blaker's testimony over that of Claimant's medical expert. Determination as to credibility, and the relative weight to be given to medical testimony are within the province of the referee as fact finder, and are not subject to review by this Court. *Campbell Co. v. Workmen's Compensation Appeal Board (Kerr)*, 74 Pa. Commonwealth Ct. 305, 459 A.2d 904 (1983).

For the foregoing reasons, we affirm the order of the Board upholding the referee's termination of benefits.

### ORDER

Now, March 8, 1985, the decision and order of the Workmen's Compensation Board of Review, No. A-85702, dated September 15, 1983, is hereby affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.