516 A.2d 120

Walter Hake, Petitioner *v.* Workmen's Compensation Appeal Board (I. Reindollar & Sons, Inc.), Respondents.

312

Argued September 8, 1986, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Elliot A. Strokoff, Handler, Gerber, Johnston, Strokoff & Cowden,* for petitioner.

*W. Jeffrey Sidebottom, Barley, Snyder, Cooper & Barber,* for respondents.

OPINION BY SENIOR JUDGE BARBIERI, October 17, 1986:

Before this Court in this workmen's compensation case is an appeal by Petitioner, Walter Hake, Claimant, from an order of the Workmen's Compensation Appeal Board (Board) which dismissed a Petition for Rehearing filed by Claimant and affirmed a decision of a referee which granted the Modification Petition of I. Reindollar & Sons, Inc., Employer, reducing Claimant's benefits from those of total disability to compensation for partial disability at 50% of the total disability rate.

Claimant suffered a compensable work injury on July 7, 1981, consisting of an internal derangement of his left knee with a tear of the medial meniscus for which surgery was performed. A Notice of Compensation Pay-

able was filed on July 24, 1981 under which payments were made until Employer filed a Modification Petition as of November 23, 1982, later amended to read as a Termination Petition to which an answer was filed. After a hearing before a referee, the decision of the referee was filed on December 20, 1983 in which he dismissed the Termination Petition, but granted modification, reducing Employer's liability to benefits for 50% partial disability. On appeal, the Board affirmed. In the meantime, however, a Petition for Rehearing was filed by Claimant on August 11, 1984, with an answer thereto filed by the Employer on August 27, 1984. It must be noted here that the hearing before the Board was held on April 4, 1984, but the decision of the Board was not filed until July 18, 1985. The Board's disposition order reads:

ORDER

Claimant's appeal and Petition for Rehearing are dismissed. The Decision and Order of the Referee are hereby affirmed.

Petitioner's first contention is that the Board erred in refusing to grant Claimant's Petition for Rehearing. We agree.

The instant Rehearing Petition contains the following pertinent averments:

3. As grounds for the rehearing requested, your petitioner avers that he now, as the result of surgery performed on him on June 1, 1984, has discovered new evidence which could not by due diligence have become available to the peitioner [sic] prior to the close of the prior evidentiary hearings. Copies of an 'operative report' and its accompanying surgeon's letter, both of which concern the new evidence offered, are attached hereto and marked 'Exhibits A and B' respectively.

4. At issue before the referee were conflicting medical opinions as to the extent that the claimant had recovered from his injury on July 7, 1981, and an evaluation of the Claimant's subjective complaints of pain. The most recent surgery of June 1, 1984, revealed physical evidence, heretofore undiscovered, which unquestionably corroborates the claimant's complaint of pain and provides unquestionable medical proof of his disability.

5. This after-discovered evidence is material and is crucial to the fair and proper determination of the pending appeal.

Exhibit "A", referred to in paragraph 3, quoted above, is a hospital Operative Report for surgery performed on Claimant's left knee, and Exhibit "B" is a report from the operating surgeon, who testified in the case, as to the operative procedure performed on June 1, 1984, containing the following comment:

In view of the pathological findings noted at surgery as well as the excellent post-operative result, there is no question that this man had a competent pain producing problem in his knee prior to the arthroscopy and meniscectomy which would have significantly precluded his ability to work at gainful employment.

We have no doubt that the Board's refusal to grant a rehearing, as in the case of *Jones v. Workmen's Compensation Appeal Board (First Pennsylvania Bank)*, 76 Pa. Commonwealth Ct. 345, 463 A.2d 1266 (1983) is a clear abuse of discretion; as in *Jones* the after discovered evidence here consists of new medical testimony, including surgery here, which is relevant to the main issue of whether or not Claimant was suffering pain that would have a bearing on whether or not he could perform jobs which were deemed by the referee to be available to

him. As noted, the surgery described in the Rehearing Petition took place on June 1, 1984, whereas the Board's hearing was on April 4, 1984, and, of course, the referee's last hearing, September 15, 1983, antedated surgery by more than two years.[1]

We will reverse the Board's order affirming the referee's reduction of liability and its action in dismissing the Rehearing Petition, and will remand for the taking of testimony as set forth in the Rehearing Petition and for such further proceedings and determination as may be appropriate under the circumstances.

ORDER

NOW, October 17, 1986, the order of the Workmen's Compensation Appeal Board dated July 18, 1985, as of No. A-87526, is reversed, and this case is remanded with instruction that a rehearing be held before a referee to consider the after-discovered medical evidence described in this opinion.

Jurisdiction relinquished.

---

[1] In view of our decision on the rehearing issue, we will not reach other contentions of the Claimant.