530 A.2d 975

Charles J. Taylor, Petitioner *v.* Workmen's Compensation Appeal Board (Doylestown Township), Respondents.

Submitted on briefs February 24, 1987, to Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Arnold Dranoff, Dranoff* & *Patrizio,* for petitioner.

*Ronald F. Bove,* with him, *David A. Pennington, Swartz, Campbell* & *Detweiler,* for respondent, Doylestown Township.

OPINION BY JUDGE PALLADINO, August 27, 1987:

Charles J. Taylor (Petitioner) petitions for review of an order of the Workmen's Compensation Appeal Board

(Board) affirming a referee's decision which granted his Petition to Set Aside Final Receipt but with a suspension of compensation and dismissed his Petition for Reinstatement of Compensation.[1]

Petitioner injured his wrist on September 7, 1978 while in the course of his employment as a mechanic for Doylestown Township (Employer). Pursuant to a Notice of Compensation Payable, Petitioner received total disability benefits until January 2, 1980 when he signed a Final Receipt and returned to work for Employer. On September 15, 1980, Petitioner filed a Claim Petition, alleging that as of January 2, 1980, his disability had not ceased. Because of several continuances, the first hearing before a referee was held on March 25, 1982. At this hearing, Petitioner's counsel amended the Claim Petition to a Petition to Set Aside Final Receipt and a Petition for Reinstatement of Compensation for the specific loss of use of his right hand.

After several hearings, the referee made the following findings of fact:

3. After reviewing the entire Record of this case and considering the testimony of all of the witnesses that have testified the Referee finds that the Claimant did have 'residuals' in his right wrist and right hand which was causally related to the injury he sustained at work on September 7, 1978 and that these 'residuals' were present at the time Claimant returned to work for Doylestown Township and signed a Final Receipt of Compensation.

---

[1] A Petition to Set Aside Final Receipt is authorized by Section 434 of The Pennsylvania Workmen's Compensation Act (Law), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001. Specific loss of use is covered under Section 306(c)(4) of the Law, 77 P.S. §513.

4. The Referee finds that, even though Claimant did have residuals arising out of his injury at work these residuals did not effect [sic] Claimant's ability to perform his job as a mechanic for Doylestown Township and *that no testimony has been presented by Claimant to prove that Claimant either suffered disability i.e. inability to perform his job, or loss of earning power as a result of these residuals arising out of claimant's injury at work.*

5. The Referee further finds that the Claimant has failed to prove that he stopped working for Doylestown Township or his subsequent employers Henkels and McCoy as a result of the condition which was causally related to the injury that occurred on September 7, 1978.

6. The Referee further finds that the Claimant has failed to prove that he has suffered a loss of use of the right hand for all practical intents and purposes; the Referee accepts the testimony of Dr. Levine and Dr. Schneider and their opinion that Claimant does has [sic] functional use of his right hand; in doing so, the Referee has rejected the testimony of Dr. Lee who only saw Claimant on one occasion and was not involved in the treatment of Claimant.

(Emphasis added.)

The referee granted the Petition to Set Aside Final Receipt but ordered that compensation be suspended. In addition, the referee dismissed the Petition for Reinstatement of Compensation for recovery of specific loss benefits. Petitioner appealed to the Board which affirmed the referee.

On appeal to this court, Petitioner asserts that the Board erred in affirming the referee, that the findings were not supported by substantial evidence and, alter-

natively, that a remand should have been granted to allow the taking of additional evidence.

We reverse the Board's suspension of compensation because in Finding of Fact # 4, the referee applied an incorrect burden of proof. In *Sheibley v. Workmen's Compensation Appeal Board (ARA Food Services Co.)*, 86 Pa. Commonwealth Ct. 28, 483 A.2d 593 (1984), this court held that the burden of proof upon one seeking to set aside a final receipt is to "show by sufficient credible competent evidence that all disability due to the injury had not terminated when [the Claimant] signed the final receipt."[2] *Id.* at 36, 483 A.2d at 597. Here, the referee concluded that Petitioner met this burden and set aside the Final Receipt. However, once the Final Receipt is set aside, the original compensation agreement automatically revives so as to restore the parties to the position they would have been in had the receipt never been signed. *Maciupa v. Union Switch & Signal*, 13 Pa. Commonwealth Ct. 126, 317 A.2d 901 (1974). The burden of proof then shifts to the Employer to show that compensation under the original agreement should be reduced or suspended. *Metzger v. Workmen's Compensation Appeal Board (Heidelberg Township Supervisors)*, 84 Pa. Commonwealth Ct. 565, 480 A.2d 367 (1984). In the case at bar, the referee erroneously placed the burden of proof upon Petitioner when he found that "no testimony has been presented by Claimant to prove that Claimant either suffered disability i.e.

---

[2] We note that the Board in its opinion stated that a claimant has the burden of "conclusively proving by clear and convincing evidence that all disability attributable to the prior injury had not, in fact, terminated when the final receipt was executed." However, in *Sheibley*, this court specifically held that a "claimant no longer must 'conclusively prove by clear and convincing evidence' that all disability due to the injury has not terminated at the time the final receipt was signed." *Id.* at 35-36, 483 A.2d at 596.

inability to perform his job, or loss of earning power." This burden clearly falls on Employer.[3]

Next,[4] Petitioner asserts that it was error for the referee to dismiss his Petition for Reinstatement of Compensation for a specific loss of use of his right hand because the referee's finding that Petitioner had not lost the use of his hand for all practical intents and purposes was "contrary to [the] clear weight of the competent evidence." With respect to the Reinstatement Petition, the Petitioner had the burden to show that there had been a permanent loss of use of the injured part of the body for all practical intents and purposes. *Dally v. Workmen's Compensation Appeal Board (Pullman Standard)*, 82 Pa. Commonwealth Ct. 291, 474 A.2d 1215 (1984). The determination of whether a loss of an extremity occurred is a question of fact for the referee to resolve. *Id.*

The Employer presented the testimony of Petitioner's two treating physicians, Gene D. Levine, M.D. and Laurence M. Schneider, M.D., both of whom gave as their opinions that Petitioner had not lost the use of his hand. Petitioner presented the testimony of Bong S. Lee, M.D., who opined that Petitioner lost the use of his right hand for his "industrial use."[5] Credibility of witnesses is the province of the referee and the referee

---

[3] As we noted in *Metzger*, our reversal does not preclude the Employer from petitioning to suspend benefits in the future.

[4] Petitioner also asserts that Finding of Fact # 4, upon which the referee relied to suspend compensation, is not supported by substantial evidence. In light of our conclusion that benefits were improperly suspended because of the erroneous application of the burden of proof, we need not address this issue.

[5] In *U.S. Steel Corporation v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 35, 333 A.2d 836 (1975), we held that a claimant must show more than an "industrial loss" of use to meet his burden of proof under Section 306(c) of the Law.

may accept the testimony of one medical witness in preference to another. *Bailey v. Workmen's Compensation Appeal Board (Lawton Feed & Supply, Inc.)*, 105 Pa. Commonwealth Ct. 106, 523 A.2d 415 (1987). In Finding of Fact # 6, the referee specifically accepted the testimony of the two treating physicians while rejecting the testimony of Dr. Lee. It was not error for him to do so. As a result, Petitioner has not met his burden of proving a specific loss of the use of his hand and the Board properly affirmed the referee.

Lastly, Petitioner asserts that remand for the taking of additional testimony is warranted because after the close of the record, his hand continued to deteriorate and he experienced a loss of earning power. However, a remand is warranted only when the findings of fact are not supported by competent evidence or if the referee failed to make a finding on a crucial issue necessary for the proper application of the law. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975). The referee made the crucial finding as to whether Petitioner lost the use of his hand for all practical intents and purposes which was supported by substantial evidence. Therefore, a remand on this issue is not warranted.

Based on the foregoing analysis, the order of the Board is reversed insofar as it suspends compensation but affirmed in its dismissal of Petitioner's claim for specific loss of use of his hand. The case is remanded to the Board for a determination of an amount of compensation, if any, owed to Petitioner in accordance with the original compensation agreement as a result of the setting aside of Petitioner's Final Receipt.

## ORDER

AND NOW, August 27, 1987, the order of the Workmen's Compensation Appeal Board, setting aside the Final Receipt and dismissing Petitioner's Petition for Reinstatement of Compensation for a specific loss of use of his hand, is affirmed. The order of the Board is reversed insofar as it suspends compensation and remanded for a calculation of benefits, if any, owed to Petitioner under the original Notice of Compensation Payable.

Jurisdiction relinquished.

Honorable JAMES GARDNER COLINS, Judge recused.