552 A.2d 331

Jacqueline Johnson, Petitioner *v.* Workmen's Compensation Appeal Board (Carter Footwear, Inc.), Respondents.

Submitted on briefs November 16, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*John J. Brazil, Jr., Brazil & Brazil*, for petitioner.

*Hugh P. Mundy*, with him, *Sean P. McDonough, Dougherty, Mundy, Leventhal & Price*, for respondent, Carter Footwear, Inc.

OPINION BY SENIOR JUDGE BARBIERI; December 29, 1988:

Jacqueline Johnson (Claimant) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) which denied her petition for rehearing. We reverse and remand.

On October 5, 1984, Claimant suffered a work-related lumbrosacral sprain while in the employ of Carter Footwear, Inc. (Employer) and received benefits for total disability pursuant to a notice of compensation payable. On July 1, 1985, Employer filed a petition for termination relying on the testimony of Doctor Joseph R. Sgarlat who opined that Claimant had recovered from her low back sprain and that all Claimant's x-rays, CAT-scan and EMG studies were normal and he could find no evidence of herniated disk, nerve damage, or muscle atrophy. Claimant presented the testimony of Doctor Lewis L. Rogers who stated that although objective studies of Claimant were negative, she continued to suffer from a soft tissue injury. The referee accepted Doctor Sgarlat's testimony and granted Employer's petition on June 8, 1987.

Claimant then petitioned the Board for a rehearing in order to present newly discovered medical evidence of Claimant's condition. Specifically, Claimant underwent a myelogram followed by a CAT-scan on July 7,

1987, which, according to the report of Doctor John C. Querci, shows that Claimant suffers from a herniated disk at the L5 region. The Board denied Claimant's request, *citing Taylor v. Workmen's Compensation Appeal Board (Doylestown Township)*, 108 Pa. Commonwealth Ct. 642, 530 A.2d 975 (1987). But *Taylor* does not involve a petition for rehearing.

The grant or denial of a petition for rehearing is within the discretion of the Board. *Douglas v. Workmen's Compensation Appeal Board (Bethlehem Mines Co.)*, 32 Pa. Commonwealth Ct. 156, 377 A.2d 1300 (1977). It was formerly settled that the Board does not have the power to remand cases to a referee simply to permit the presentation of additional medical evidence which was available at the time of the initial hearing. *Genovese v. Workmen's Compensation Appeal Board (National Record Mart, Inc.)*, 69 Pa. Commonwealth Ct. 176, 450 A.2d 325 (1982).

However, in *Jones v. Workmen's Compensation Appeal Board (First Pennsylvania Bank)*, 76 Pa. Commonwealth Ct. 345, 463 A.2d 1266 (1983), we held that where vital evidence not available at the time of the referee's decision was discovered by surgery thereafter, it was an abuse of the Board's discretion to deny a request for rehearing. We stated:

> Here, the claimant sought to introduce after-discovered evidence of DeQuervain's Disease and ulnar nerve inflammation, which is relevant to the issue of whether or not she continued to be disabled. Mindful that in termination petition cases, an employer must prove conclusively the termination of a claimant's disability, Certainteed Corp. v. Workmen's Compensation Appeal Board, 57 Pa. Commonwealth Ct. 646, 648, 426 A.2d 1282 (1981), we conclude that the board abused its discretion by ignoring Mrs. Jones' request.

*Jones,* 76 Pa. Commonwealth Ct. at 347-348, 463 A.2d at 1268.

In the present case, as in *Jones,* it was only through the performance of a surgical procedure, specifically a myelogram, that the true cause of Claimant's disability was revealed. No one knew at the time of the referee's decision on June 8, 1987 that Claimant was suffering from a herniated disk for the simple reason that a herniated disk is a soft tissue injury that does not appear on an x-ray. (Report of Doctor John C. Querci dated 9/25/87; R.R. 4a). Indeed, x-rays of Claimant's spine taken on July 15, 1987, after the referee's hearing and myelogram appear perfectly normal. (R.R. 6a). It was only after the myelogram was performed on Claimant on July 7, 1987, during which a contrast medium was injected into Claimant's spinal column, that the herniated disk was discovered. (Report of Doctor Edward Kelly dated July 7, 1987; R.R. 7a). Consistent with *Jones* is the fact that no such surgical procedure was done prior to the referee's hearing.

We note that in *Cudo v. Hallstead Foundry, Inc.,* 517 Pa. 553, 539 A.2d 792 (1988), our Supreme Court recently reversed this Court for incorrectly imposing on the Board the *judicial* standard that a new trial on the basis of after discovered evidence may only be granted if the evidence could not have been obtained at trial by reasonable diligence. The Court concluded that rehearings should be granted "in the interests of justice" in order to effectuate the humanitarian purposes of The Pennsylvania Workmen's Compensation Act (Act).[1] *Cudo,* 517 Pa. at 557, 539 A.2d at 794.

The Chief Justice stated in *Cudo:*

The strict view of the dissent, which would permit a claimant only one opportunity to meet his

---

[1] Act of June 5, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1031.

or her substantial burden irrespective of the
dictates of justice, is not appropriate in this area
of jurisprudence.

*Cudo,* 517 Pa. at 560, 539 A.2d at 795 (NIX, C.J., con-
curring). The Supreme Court's reasoning in *Cudo*
bolsters our decision in *Jones* and supports our view
that the interests of justice dictate a rehearing. We con-
clude the Board abused its discretion in denying
Claimant's petition for rehearing, and accordingly, we
reverse and remand with instructions that the request-
ed rehearing be granted.

## ORDER

NOW, December 29, 1988, the order of the Work-
men's Compensation Appeal Board at No. A-93888, dat-
ed May 13, 1988, is reversed, and the case is remanded
to the Board with instructions that a hearing be held
before a referee to consider after discovered evidence
described in this opinion. Jurisdiction relinquished.

---

DISSENTING OPINION BY JUDGE PALLADINO:

I respectfully dissent. The decision of the Board in
denying Claimant a rehearing should be affirmed.

Whether to grant a rehearing is within the discre-
tion of the Board. The medical evidence presented by
Claimant at the original hearing *was not equivocal;* it
was just not accepted by the referee. There was a *full
and complete record before the referee.* Claimant chose
her medical expert and that expert testified that Claim-
ant had a soft tissue injury. *Two years after* the referee
reached his decision, Claimant consulted another doctor
who ordered a test, not previously performed, which in-
dicated a soft tissue injury.

The Board determined that the referee had made
his decision upon a complete record. I agree. Additional
medical evidence, even if not cumulative, need not re-

quire a rehearing. There is no indication here that a full and complete medical inquiry was not made at the time of the first hearing. It is not necessary that every conceivable medical test which *might* aid in diagnosis be performed for a medical record to be complete. The Board did not abuse its discretion in declining to grant a rehearing to allow additional medical evidence "discovered" two years after the original hearing.

The majority's reliance on *Jones v. Workmen's Compensation Appeal Board,* 76 Pa. Commonwealth Ct. 345, 463 A.2d 1266 (1983), is misplaced. In *Jones,* the evidence was indeed after-discovered medical evidence. It was discovered as a result of a surgical procedure done to *correct* a medical problem. A myelogram is not done to correct medical problems. A myelogram is a diagnostic test. It is termed surgery only because it requires injection of a dye, making it an invasive procedure. The test could have been ordered by Claimant's physician. He chose not to utilize it.

The majority opinion also cites the Pennsylvania Supreme Court decision in *Cudo v. Hallstead Foundry, Inc.,* 517 Pa. 553, 539 A.2d 792 (1988), as support for its conclusion that the Board abused its discretion in denying a rehearing. The Supreme Court in *Cudo,* 517 Pa. at 558, 539 A.2d at 794 (quoting *Greeby v. Philadelphia Asbestos Co.,* 120 Pa. Superior Ct. 9, 12, 181 A.2d 452, 453 (1935)), stated:

> [I]t is held that the court's duty does not extend to sending the record back for an opportunity to furnish cumulative evidence to strengthen a weak case, as the board's finding is binding on it; but it does not hold that so long as the record is within the grasp of the board it may not order a rehearing for further testimony to be taken.

Based on this test, the court in *Cudo* held that this court had erred in reversing the Board's *grant* of a

rehearing because this court had applied the judicial standard for granting rehearings. The Supreme Court discounted "due diligence," a part of the judicial standard, as a factor to be considered when reviewing the Board's *grant* of a rehearing. It did not foreclose the Board from considering it as a factor.

The Supreme Court in *Cudo* emphasized that the Board was correct in ordering a new hearing because the Board had determined that the medical evidence before it was *equivocal* and in light of the employee's death from a heart attack while at work, *a full and complete* medical inquiry was required, in the interests of justice, to assess the merits of the claim.

Because factually we are not met with either a *Jones* or a *Cudo* case, we should not disturb the Board's exercise of its discretion.