554 A.2d 614

Donald W. Patterson, Petitioner *v.* Workmen's Compensation Appeal Board (Manpower/Transpersonnel, Inc.), Respondents.

Donald Patterson, Petitioner *v.* Workmen's Compensation Appeal Board (Manpower/Transpersonnel, Inc.), Respondents.

Submitted on briefs January 20, 1989, to Judges DOYLE and MCGINLEY, and Senior Judge BARBIERI, sitting as a panel of three.

*Richard J. Russell,* for petitioner.

*Eugene F. Scanlon, Jr., Dickie, McCamey & Chilcote, P.C.,* for respondent, Manpower/Transpersonnel, Inc.

OPINION BY SENIOR JUDGE BARBIERI, February 22, 1989:

Before the Court are two consolidated petitions for review filed by Donald Patterson (Claimant) challenging the orders of the Workmen's Compensation Appeal Board (Board) granting the termination petition of Manpower/Transpersonnel, Inc. (Employer) and denying Claimant's petition for rehearing. We reverse the Board on the rehearing issue and vacate on the termination petition.

Petitioner worked as a truck driver for Employer. On November 18, 1983, Claimant was injured in the course of his employment when he was struck by an automobile while adjusting the brakes of his truck. Claimant received benefits for total disability pursuant to a notice of compensation payable for injuries to his neck, left arm and upper extremity.

On December 20, 1985, Employer filed this instant petition for termination accompanied by the affidavit of Doctor Roy Temeles asserting Claimant was fully recovered and could return to his pre-injury job. Doctor Temeles testified that although Claimant "complained bitterly" of pain in his neck as motion was tested in his

shoulders and elbows, the doctor was unable from a "hard-core objective picture" to find any evidence of physical disease or impairment (R.R. 49a). Claimant's treating physician, Doctor Sang Moon Kim, stated that Claimant continued to suffer from a severe cervical strain and could not return to heavy work. The referee found the testimony of Doctor Temeles credible and granted Employer's termination petition, which order the Board affirmed. Claimant's appeal from this order of the Board is docketed at No. 2115 C.D. 1987.

Claimant continued to undergo cervical treatment while his appeal of the referee's decision was before the Board. One month after the Board's decision, Claimant underwent a Magnetic Resonance Imaging (MRI) scan at Johnstown Regional MRI Center on July 16, 1987. MRI is a relatively new technique similar to a CAT scan which expands the advantages of a CAT scan in detecting soft tissue injuries by viewing the various types of tissues through a magnetic field. The MRI scan revealed the presence of herniated discs at the C5-6 and C6-7 levels. Claimant was further examined by Doctor Robert Holst, a board certified neurosurgeon, and Doctor George W. Wheeling, a board certified orthopedic surgeon, both of whom confirmed the existence of cervical disc herniations and recommended that Claimant undergo a myelogram.

Claimant's petition for rehearing on the basis of this newly discovered evidence was denied by the Board. The Board did not rule or comment on Claimant's evidence but stated that Claimant should pursue the option of filing a reinstatement petition. Claimant's appeal from this order of the Board is docketed at No. 1004 C.D. 1988.

Claimant's appeal from the grant of Employer's termination petition turns on the referee's decision to accept

the testimony of one medical witness over another. This determination will not be reviewed at this time in view of our ruling on Claimant's appeal from the denial of the petition for rehearing which we conclude has merit. This case is factually analogous to *Johnson v. Workmen's Compensation Appeal Board (Carter Footwear, Inc.)*, 122 Pa. Commonwealth Ct. 404, 552 A.2d 331 (1988), in which we recently reversed the Board and granted rehearing citing *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988) and *Jones v. Workmen's Compensation Appeal Board (First Pennsylvania Bank)*, 76 Pa. Commonwealth Ct. 345, 463 A.2d 1266 (1983).

Initially, we hold the Board erred in not reaching the merits of Claimant's rehearing petition. The Board did not rule on whether or not Claimant's petition contained sufficient newly discovered, noncumulative evidence to justify a rehearing. Instead, the Board advised Claimant to file a petition for reinstatement. This was not the issue before the Board. The proper method for requesting the introduction of after-discovered evidence under Section 426 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 5, 1915, P.L. 736, *as amended*, 77 P.S. §871, is by application for rehearing before the Board. The Board abused its discretion by not reaching the merits of this application. *Douglas v. Workmen's Compensation Appeal Board (Bethlehem Mines Co.)*, 32 Pa. Commonwealth Ct. 156, 377 A.2d 1300 (1977).

Turning to the issue of whether rehearing is justified or not, we note the similarities between this case and *Johnson*. In both cases, a claimant suffering from a cervical injury but still experiencing pain was terminated from benefits on the opinion of employer's medical witness who could find nothing objectively wrong with the claimant. In both cases, after-discovered evidence revealed

the claimant suffered from a soft tissue injury in the nature of a herniated disc.

The only distinction between *Johnson* and the present case is that the claimant in *Johnson* underwent a myelogram while the present Claimant had an MRI scan performed. We do not believe the Claimant should be penalized for utilizing the most recent advances in medical science. It is uncontradicted that Claimant continues to experience back and neck pain. The MRI scan, bolstered by the opinion of two board certified specialists, confirms that Claimant's pain is caused by a soft tissue injury not readily disclosed by physical examination or X-rays used by Employer's physician. The "interests of justice" require a rehearing. *Cudo,* 517 Pa. at 557, 539 A.2d at 794. The order of the Board denying rehearing is reversed. Consequently, the Board's order granting termination is vacated pending the holding of a rehearing.

### ORDER

NOW, February 22, 1989, the order of the Workmen's Compensation Appeal Board at No. A-92745, dated June 22, 1987, is hereby vacated. The order of the Workmen's Compensation Appeal Board at No. R.P. 4467, dated April 4, 1988, is reversed, and the case is remanded to the Board with instructions that a hearing be held before a referee to consider after-discovered evidence described in this opinion.

Jurisdiction relinquished.