588 A.2d 116

**Arthur MOATS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (EMERALD MINES CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 16, 1990.

Decided March 14, 1991.

450

Jonathan E. Jones, Pittsburgh, for petitioner.

No appearance for respondent.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge:

Arthur Moats appeals the order of the Workmen's Compensation Appeal Board (Board) of April 18, 1990 affirming a referee's decision which granted the termination petition and petition for review of medical costs filed by Emerald Mines Corporation (Employer). The referee determined that Moats had recovered from his work-related injury as of January 6, 1986 and that certain medical expenses incurred

before and after that date were unreasonable and unnecessary. For the reasons hereinafter stated, the order of the Board is reversed in part and this matter is remanded for disposition in accordance with this opinion.

Moats was injured during the course of his employment on May 23, 1985 when the vehicle he was driving was struck by a truck. He was thrown from his vehicle and received injuries to his back and head. Moats began to receive benefits under The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031, and thereafter entered into a supplemental agreement with Employer for the payment of weekly benefits for an indefinite period. On April 17, 1986, Employer filed a termination petition and a request for a supersedeas, alleging that Moats had recovered from his work-related injuries as of January 6, 1986. The referee denied Employer's request for a supersedeas on May 14, 1986.

Employer, however, unilaterally ceased paying Moats' medical expenses after it had filed the termination petition. Employer also filed a petition to review the necessity or reasonableness of the subject medical bills, which was consolidated with its termination petition. Moats filed a petition for a finding of violation and assessment of penalties against Employer for its refusal to pay medical bills. This petition was also consolidated with the termination proceedings.

After hearings and submission of depositions of medical experts, the referee granted Employer's termination petition and review petition, holding that Employer was not responsible for reimbursing Moats for certain hospitalization costs and for all physical therapy received after January 6, 1986. Concurrently, the referee denied as moot Moats' petition for a finding of violation and assessment of penalties. Moats appealed to the Board which, finding the referee's decision to be supported by substantial evidence, affirmed the referee.

■ On appeal to this Court, Moats raises the following issues: (1) whether the Board erred by failing to remand the case to the referee to consider after-discovered medical evidence; (2) whether the Board erred by failing to make a negative inference against Employer because of Employer's refusal to pay for the medical testing necessary to establish objective proof of disk pathology and related disability; and (3) whether the Board erred because an important finding of fact was not supported by substantial evidence. This Court's scope of review in worker's compensation matters where both parties have submitted evidence is limited to determining whether the Board committed an error of law, made findings not supported by substantial evidence, or violated constitutional rights. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988). Neither Employer nor the Board filed a brief in opposition to Moats' appeal before this Court.[1]

■ Initially, this Court takes note of an error of law committed by the Board when it affirmed the referee's decision to relieve Employer from liability for medical expenses it failed to pay. It is a clear and unacceptable violation of the Act for an employer to unilaterally refuse to pay a claimant's medical bills. *Johnson v. Workmen's Compensation Appeal Board (Albert Einstein Medical Center)*, 137 Pa.Commonwealth Ct. 176, 586 A.2d 991 (1991). If an employer disputes the reasonableness or necessity of a claimant's medical bills or treatment, it may petition for review of these matters pursuant to Section 306(f)(2)(ii) of the Act, 77 P.S. § 531(2)(ii). The filing of a petition under this section, however, may not act as a supersedeas; and the employer shall be responsible for paying all medical bills incurred during the pendency of the petition. *Id.* Further, any relief granted an employer pursuant to Section 306(f)(2)(ii) is prospective only as of the

1. By order dated November 13, 1990, this Court directed that the matter be submitted upon Petitioner's brief with Respondent precluded from submitting a brief in opposition.

date the referee determines that the medical expenses are unreasonable or unnecessary; the employer may not seek reimbursement from the claimant or be relieved of paying past medical bills. *Id.; Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990). If an employer has paid medical bills later determined to be unreasonable or unnecessary, it may seek reimbursement from the Supersedeas Fund. *ADIA Personnel Agency v. Workmen's Compensation Appeal Board (Coleman)*, 137 Pa.Commonwealth Ct. 405, 586 A.2d 507 (1991). Therefore, in the case *sub judice*, the Board's order must be reversed as to that portion which relieves Employer from paying Moats' medical expenses prior to the referee's decision, and Employer shall be directed to pay all of said medical bills. The Court shall now address Moats' more specific citations of error.

Moats first argues that the Board erred by refusing to remand the case to the referee to consider after-discovered evidence. Moats claims that this evidence consists of a recent medical report from his treating physician, Dr. Monsour, which is based upon a recent lumbar myelogram and CT scan of Moats' lower back and which indicates that Moats suffers from a bulging disk and a herniated disk. Moats argues that he was unable to receive this examination prior to the referee's decision because of Employer's refusal to pay his medical bills; but once Employer's compensation benefits were terminated, Moats was able to receive public medical assistance which enabled him to undergo needed testing. The referee had found that all diagnostic studies ruled out the possibility of Moats suffering from disk herniation and therefore found not credible Dr. Monsour's testimony that the work-related back injury was continuing. *See* Findings of Fact No. 7.

Although Moats did not file a formal petition for rehearing with the Board under Section 426 of the Act, 77 P.S. § 871, his request for a remand, supported by relevant after-discovered evidence, constitutes the equivalent of a rehearing petition. *See Jones v. Workmen's Compensa-*

*tion Appeal Board (First Pennsylvania Bank)*, 76 Pa.Commonwealth Ct. 345, 463 A.2d 1266 (1983). The decision to grant or deny a rehearing rests within the Board's discretion, and that decision will not be reversed absent an abuse of discretion. *Id.* This Court has held, however, that the Board abuses its discretion when it refuses to grant a rehearing when newly found evidence in the form of medical test results casts doubt upon an employer's proof that a claimant's disability has ceased. *See Patterson v. Workmen's Compensation Appeal Board (Manpower/Transpersonnel, Inc.)*, 123 Pa.Commonwealth Ct. 541, 554 A.2d 614 (1989) (magnetic resonance imaging scan revealed presence of herniated disks); *Johnson v. Workmen's Compensation Appeal Board (Carter Footwear, Inc.)*, 122 Pa.Commonwealth Ct. 404, 552 A.2d 331 (1988) (myelogram revealed presence of herniated disk); *Jones* (diagnosis after surgery revealed DeQuerviain's disease and ulnar nerve inflammation).

The difficulty with this Court's review of the issue raised by Moats, however, is that the Board never addressed Moats' request for a remand in its opinion affirming the referee's decision, nor is the alleged myelogram and CT scan result or Moats' letter requesting the remand a part of the record. This Court simply has no basis upon which to make a determination as to whether the Board abused its discretion. On the other hand, it is axiomatic that rehearings should be granted in the interests of justice in order to effectuate the humanitarian purposes of the Act. *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988). Therefore, this Court shall remand this matter to the Board so that it may consider whether Moats' alleged after-discovered evidence should form the basis for a rehearing in light of the authority cited in this opinion, and the Board shall set forth its findings and reasoning in the record. Because of this disposition, the Court need not at this time address Moats' other arguments in support of a rehearing. *See Patterson.*

Accordingly, the Board's order is reversed to the extent that it relieves Employer from its responsibility to pay Moats' past medical bills. Further, this case is remanded to the Board to consider Moats' application for a rehearing on the basis of after-discovered evidence, and the Board's findings and conclusions thereto shall be set forth in the record.

## ORDER

AND NOW, this 14th day of March, 1991, the order of the Workmen's Compensation Appeal Board at No. A89–883 dated April 18, 1990 is hereby reversed in part to the extent that it affirms the referee's decision denying payment for medical expenses previously incurred because they are unreasonable or unnecessary. Emerald Mines Corporation is directed to pay all of said medical expenses incurred by Arthur Moats prior to the date of the referee's decision of March 17, 1989.

It is further ordered that this matter is remanded to the Board with instructions that a hearing be held on Moats' application for a rehearing based upon after-discovered evidence as described in this opinion.

Jurisdiction relinquished.