**CHOICE COURIER SYSTEMS,**
Petitioner,

v.

**WORKMEN'S COMPENSATION**
**APPEAL BOARD (Ennis),**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 8, 1996.

Decided Dec. 23, 1996.

John P. Hickey, Philadelphia, for petitioner.

Neil S. Kerzner, Philadelphia, for respondent.

Before COLINS, President Judge, and PELLEGRINI, J., and LORD, Senior Judge.

COLINS, President Judge.

Choice Courier Systems (Choice) petitions for review of the September 25, 1995 order of

the Workers' Compensation Appeal Board [1] (Board) that modified the order of the workers' compensation judge (judge). The judge's order granted Choice's petition to review medical treatment and stated that physical therapy after April 16, 1991 was not reasonable or necessary. The Board modified the judge's order by changing that date to March 8, 1994.

William Ennis (Ennis) sustained a work-related injury on December 4, 1989 and began to receive benefits pursuant to a notice of compensation payable. His employer, Choice, filed a petition to terminate compensation and a petition to review medical treatment, which petitions were consolidated for hearing and decision. The judge granted both petitions, terminating compensation effective April 16, 1991, and determining that physical therapy after that date was not reasonable or necessary. On appeal, the Board affirmed the grant of the petition to review medical treatment, but because it believed that the judge had not indicated the date when payment of medical expenses should cease, the Board modified the judge's order to grant the petition effective March 8, 1994, the date of the judge's decision. The Board believed that its order conformed with the holdings of *Boehm v. Workmen's Compensation Appeal Board (UPS)*, 133 Pa.Cmwlth. 455, 576 A.2d 1163 (1990), and *Moats v. Workmen's Compensation Appeal Board (Emerald Mines)*, 138 Pa.Cmwlth. 449, 588 A.2d 116 (1991).

 Choice petitions this Court for review, arguing that the Board erred when it imposed an effective date of March 8, 1994 on the grant of the petition to review medical treatment.[2] Choice correctly argues that although it is obligated to pay the medical bills through the date of the judge's decision, when the judge grants a petition to review medical benefits as of a specific date, an employer can seek reimbursement from the Supersedeas Fund [3] for the bills paid between the date of the decision and the date that the petition was granted. Under Section 306(f)(2)(ii) of the Workers' Compensation Act, 77 P.S. § 531(2)(ii),[4] an employer who files a petition to review medical treatment must continue to pay all medical bills incurred by the claimant during the pendency of that petition. "Further, any relief granted an employer pursuant to Section 306(f)(2)(ii) is prospective only as of the date the referee determines that the medical expenses are unreasonable or unnecessary...." *Moats*, 588 A.2d at 118. An employer may seek reimbursement from the supersedeas fund for medical bills it paid that were later determined to be unreasonable or unnecessary. *Moats*.

The judge's order is clear that physical therapy is not reasonable or necessary effective April 16, 1991, which is also the date that she terminated Ennis's compensation. The Board erred first, in concluding that the judge had not set an effective date and second, in making that date the date of the judge's decision.

Accordingly, the September 25, 1995 order of the Workmen's Compensation Appeal Board is reversed insofar as it modified the March 8, 1994 order of the workers' compensation judge.

---

1. The Act of June 24, 1996, P.L. , amended Section 107 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 27, by renaming the Workmen's Compensation Appeal Board as the Workers' Compensation Appeal Board, effective August 23, 1996.

2. This Court's scope of review is limited to determining whether the findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. 2 Pa.C.S. § 704.

3. In this instance, the Supersedeas Fund is a misnomer, because an employer cannot be granted a supersedeas as to medical expenses. An employer can, however, be reimbursed from the Fund for its payment of expenses that the referee determines are ineligible for payment.

4. Section 306(f) of the Act was substantially amended by, and was renumbered as Section 306(f.1) by, Section 8 of the Act of July 2, 1993, P.L. 190. The provision at issue here is no longer effective.

*ORDER*

**AND NOW**, this 23rd day of December, 1996, the order of the Workers' Compensation Appeal Board is reversed insofar as it modified the March 8, 1994 order of the workers' compensation judge.