Charles E. Schiller, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Frank C. Roney, Referee and S. J. Groves and Sons Co., Respondents.

Argued December 5, 1979, before Judges CRUMLISH, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Charles Schiller*, petitioner, for himself.

*Warren S. Reding*, of *Reding, Rea & Cooper*, for respondent.

OPINION BY JUDGE ROGERS, January 7, 1980:

Charles E. Schiller has appealed from an order of the Workmen's Compensation Appeal Board (Board) denying the prayer of his Petition for Rehearing. We affirm.

On September 12, 1974, Schiller filed a claim for workmen's compensation benefits for injuries alleged to have been incurred in the course of his employment. After hearings, a referee denied Schiller's claim. This decision was affirmed by the Board on February 5, 1976. No appeal was taken by Schiller from the Board's decision. On September 26, 1977, Schiller, *pro se,* filed a Petition for Rehearing alleging, *inter alia,* the existence of newly discovered evidence. Schiller's employer filed an answer to the Petition for Rehearing, responding to the merits and in addition raising the issue of the timeliness of the Petition under Section 426 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §871 (Act). The Board subsequently denied the Petition for Rehearing on the grounds that there was no showing that any evidence proposed to be adduced if the prayer of the Petition should be granted was unavailable at the time of original hear-

ing or that justice required a rehearing of Schiller's claim.

Although the Board did not address the issue of timeliness in its denial of the Petition for Rehearing, this issue was raised below as we have noted and in this Court. On the basis of this issue, we must affirm the Board's action denying relief. Section 426 of the Act provides in pertinent part that where no appeal of an original order of the Board is pending before this Court, a rehearing "shall not be granted more than eighteen months" after the Board's order. Schiller filed his Petition for Rehearing nineteen months and twenty-one days after the Board's unappealed order. Therefore the prayer of the Petition could not have been granted and was properly denied.

Accordingly, we enter the following

### Order

And Now, this 7th day of January, 1980, the order of the Workmen's Compensation Appeal Board is affirmed.