**Stephen CLARK, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (KEYSTONE LAWN SPRAY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 7, 1994.

Decided Feb. 14, 1995.

Publication Ordered March 1, 1996.

---

5. For edification purposes, we would note that a police stop of a motorist without probable cause or articulable suspicion of criminal activity would taint the seizure of any evidence as "fruit of the poisonous tree" and render it suppressible. See *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); see also *Commonwealth v. Epoca,* —— Pa.Super. ——, 668 A.2d 578 (1995); *Commonwealth v. Dennis,* 289 Pa.Super. 305, 433 A.2d 79 (1981). Thus, the police are not given *carte blanche* to stop indiscriminately all motorists without sacrificing the suppression of evidence seized as a result of an unlawful stop.

This is not the case here where the police neither stopped the appellant nor seized any incriminating evidence as a result of a stop. The statute in question permits citation of a non-cooperating motorist for a request to stop, even though no probable cause to arrest or reasonable suspicion to believe that criminal activity is afoot concerning the motorist. The Legislature could very easily add to the defenses set forth in subsection (c) of Section 3733(a), a role we will not usurp by judicial fiat. Cf. 75 Pa.C.S.A. § 3731 (Probable cause necessary to arrest for DUI).

Stephen Clark, pro se, as Petitioner.

Peter M. Harrison, for Respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Stephen Clark (Claimant) appeals from two separate orders of the Workmen's Compensation Appeal Board which denied his appeal nunc pro tunc and his petition for a remand and/or rehearing from the decision of the a referee.[1] We affirm.

On March 2, 1982, Claimant was employed as a lawn spray technician for Keystone Lawn Spray (Employer). On that date, Claimant was exposed to various chemicals while in the course of his employment, and, as a result, developed a rash and peeling skin. Employer accepted this injury as compensable and issued a notice of compensation payable on April 2, 1982.[2] On June 9, 1983, Claimant filed a claim petition for unpaid medical expenses for the treatment of his rash and stomach disorders associated with his work-related injury. Employer denied the allegations contained in the claim petition, and in October of 1983, filed a petition requesting that Claimant's benefits be suspended as of August 16, 1983, because of the availability of work for Claimant. On February 22, 1984, Claimant filed a second claim petition in which he alleged further stomach disorders and allergic reactions to chemicals stemming from the March 2, 1982 injury. Subsequently, on August 6, 1987, Claimant amended his claim petition to a review petition in which he challenged the calculation of his average weekly wage.

Hearings were held before Referee Walter M. Leonard concerning both of Claimant's claim petitions and Employer's suspension petition. Dr. Chetwynd E. Bowling testified on behalf of Claimant and opined that Claimant was physically unable to work because of continued episodes of severe prostration resulting from his overexposure to chemicals on March 2, 1982. In rebuttal, Employer presented the testimony of Dr. Gary Alan Newman who stated that Claimant was fully recovered and was able to return to work. Employer also presented evidence that alternate employment was available to Claimant as of August 16, 1983. Referee Leonard accepted the testimony of Dr. Newman and rejected that of Dr. Bowling. Based on this finding, Referee Leonard, in his decision circulated on September 20, 1988, granted Employer's petition and terminated Claimant's compensation as of August 16, 1983.

Claimant filed a timely appeal of Referee Leonard's decision on October 15, 1988. However, Claimant's counsel voluntarily withdrew that appeal, and the Board by an order dated May 30, 1990, officially closed the record in this case without reaching the merits.[3] On February 19, 1993, over four

1. Referees are now called Workers' Compensation judges under the 1993 amendments to the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 701. *See* Act, 44, Act of July 2, 1993, P.L. 190. However, since this case was before the referee prior to the effective date of the amendments, August 31, 1993, we will refer to the referee as such and not as a Worker's Compensation Judge.

2. Claimant's weekly compensation rate was initially fixed at $142.00 based on an average weekly wage of $193.95. This rate was improperly calculated. On June 13, 1983, a corrected notice of compensation payable was issued under which Claimant was entitled to payments of $155.17 per week based on an average weekly wage of $232.75.

3. The Board's order cryptically states: "Pursuant to the written request of Claimant's Counsel, this

years after the referee's decision, Claimant filed a petition for appeal nunc pro tunc and a petition for rehearing with the Board on the basis of alleged fraud by the Employer.[4] Claimant stated in his appeal to the Board that Employer's witness, Dr. Newman, had lied in giving his testimony. He also alleged that Dr. Newman did not have sufficient training to give competent testimony. Finally, he argued that the referee was biased in favor of Employer and had acted as an advocate for Employer instead of as an impartial fact finder. On March 1, 1994, the Board denied both Claimant's petition for a rehearing and his petition for appeal nunc pro tunc.

In denying Claimant's petition for rehearing, the Board found that there was not sufficient cause shown to justify granting a rehearing and that Claimant was merely trying to strengthen evidence which had already been presented before the referee. Although Employer had made a motion to quash the petition for rehearing on jurisdictional grounds, the Board did not rule on that request and instead chose to deny Claimant's petition for lack of cause shown.

The Board also denied, on jurisdictional grounds, Claimant's appeal nunc pro tunc. The Board found that his appeal had been untimely filed under Section 423 of the Act, 77 P.S. § 853, and that Claimant's allegations of fraud and other improprieties, which

might warrant allowing a late appeal, were unfounded. The Board, therefore, granted Employer's motion to quash Claimant's appeal. This appeal followed.[5]

■ On appeal, Claimant argues that the Board erred in dismissing the petition for rehearing and the appeal nunc pro tunc. We disagree, and we will affirm the Board's order.

Section 426 of the Act states:

The Board, upon petition of any party and upon cause shown, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a referee; but such rehearing shall not be granted more than eighteen months after the board has made such award, disallowance or other order or ruling, or has sustained or reversed any action of the referee. . . .

77 P.S. § 871. Claimant in this case filed his petition for rehearing over two and a half years after the Board "dismissed," or in actuality, acknowledged by its order the voluntary withdrawal of his original appeal.[6] As a jurisdictional matter, the Board lacked the statutory authority to grant a rehearing or remand the case to the referee since eighteen months had elapsed.[7] Therefore, we find

---

appeal is hereby withdrawn and the record in this case closed."

4. Claimant is no longer represented by counsel and has proceeded pro se before the Board and this Court.

5. Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Magayna v. Workmen's Compensation Appeal Board (Jones and Laughlin Steel Corp.)*, 115 Pa.Commonwealth Ct. 268, 539 A.2d 952 (1988).

6. We question whether Claimant could properly bring a petition for rehearing under Section 426 of the Act since Claimant's original appeal was withdrawn before the Board actually held a hearing or made a decision. It is not clear that the Board's order merely accepting the voluntary withdrawal of Claimant's appeal and closing the

record in the case constitutes an "award or disallowance of compensation or other order or ruling" from which a rehearing could be granted.

7. Claimant had filed a reinstatement petition with the referee on October 11, 1991. Claimant, in his appeal to the Board of February 13, 1993, attempted to amend the reinstatement petition to a petition for rehearing in order to back-date the rehearing petition and have that petition fall within the eighteen month time period set forth in Section 426 of the Workers' Compensation Act.

We reject Claimant's attempt to circumvent the eighteen month time period provided by Section 426 of the Act by having his petition for rehearing serve as an amendment to his 1991 reinstatement petition. It is true that if a petition to the Board for a rehearing has simply been improperly labeled as a "reinstatement petition," then it normally should be considered as having been timely filed. *See Lako v. Schlessinger*, 208 Pa. Superior Ct. 85, 220 A.2d 665 (1966). However, that is not the situation in this case. The previ-

that Claimant's petition for rehearing was properly denied by the Board.[8]

■ We similarly dismiss Claimant's argument that his appeal nunc pro tunc should have been granted. Section 423 of the Act states, in part, that "[a]ny party in interest may, within twenty days after notice of a referee's award or disallowance of compensation shall have been served upon him, take an appeal to the board...." 77 P.S. § 853. In the past, we have strictly observed this twenty day time limit for taking an appeal and have held that it cannot be enlarged absent fraud, deception, coercion or duress. *Crown, Cork and Seal Corp. v. Workmen's Compensation Appeal Board (Savini)*, 117 Commonwealth Ct. 242, 543 A.2d 603 (1988); *see also National Rolling Mills v. Workmen's Compensation Appeal Board (Jennings)*, 133 Pa.Commonwealth Ct. 244, 248, 575 A.2d 953, 955 (1990) ("something more than mere hardship is necessary to justify any extension of time, such as fraud or some breakdown in the court's operation."). In the present case, the record is devoid of any evidence of fraud, deception, coercion duress, or a breakdown in the operation of the agency. Moreover, it is clear that Claimant had full notice of the referee's decision in 1988. Although Claimant may now regret his decision to withdraw his appeal at that time, he is not entitled to resurrect that appeal after a period of over four years.

Furthermore, while Claimant asserts that fraud occurred because Employer's expert medical witness lied when giving his testimony, he has not substantiated this assertion. Claimant merely disagrees with the medical opinion given by Employer's expert witness and the conclusions reached by the referee. However, no matter how firmly Claimant believes in his position, this does not support a finding of fraud on the part of Employer or the referee. Since Claimant has failed to bring forward any evidence of fraud which would warrant extending the time period for filing an appeal with the Board, we must uphold the Board's denial of Claimant's appeal nunc pro tunc.

Accordingly, we affirm the orders of the Board which denied Claimant's appeal nunc pro tunc and his petition for a remand and/or rehearing.[9]

### ORDER

NOW, February 14, 1995, the orders of the Workmen's Compensation Appeal Board in the above-captioned matters are hereby affirmed.

---

ous petition was submitted to the referee and not to the Board. Therefore, we cannot consider it as a petition filed with the Board at all. *See* Section 402 of the Act, 77 P.S. § 711; *McBride Transportation Co., Inc. v. Workmen's Compensation Appeal Board*, 50 Pa.Commonwealth Ct. 593, 413 A.2d 470 (1980). For these reasons, we consider Claimant's reinstatement petition to be distinct and separate from his petition for rehearing. Claimant's filing of the reinstatement petition with the referee simply has no bearing on whether his petition for rehearing meets the jurisdictional requirements of Section 426 of the Act. Further, the Court has not been advised of and is not aware of the final result of Claimant's petition for reinstatement.

8. Claimant's petition for rehearing more properly should have been quashed on jurisdictional grounds. The Board, in reaching its decision, relied on the fact that Claimant was doing nothing more than attempting to strengthen his case in front of the referee. Nevertheless, since we concur in the Board's end result, we may affirm.

*See Creighan v. Workmen's Compensation Appeal Board (Mellon Stuart Corp.)*, 154 Pa.Commonwealth Ct. 620, 154 Pa.Cmwlth. 620, 624 A.2d 680 (1993). We note that even though we decide this question on jurisdictional grounds, we agree with the Board's further analysis. The purpose of granting a rehearing is to allow new, noncumulative evidence to be introduced and not simply permit one party to strengthen weak proofs. *Paxos v. Workmen's Compensation Appeal Board (Frankford–Quaker Grocery)*, 158 Pa.Commonwealth Ct. 355, 631 A.2d 826 (1993).

9. Claimant asserted several other contentions including: (1) the referee's orders are conflicting and are incompatible; (2) there was no work actually available for Claimant; (3) Dr. Newman was not the more credible medical witness; (4) the referee's findings were not supported by substantial evidence; and (5) Claimant's constitutional rights were violated. These contentions, however, should have been raised in a timely appeal to the Board and, since they were not, they cannot now be considered.