**HAVERFORD STATE HOSPITAL,**
Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (JOHNSON),**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 7, 1995.

Decided April 26, 1996.

Jonathan F. Ball, for Petitioner.

Kathy Kennedy, for Respondent.

Before DOYLE and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

Haverford State Hospital (Employer) appeals from an order of the Workmen's Compensation Appeal Board which denied a petition for rehearing, filed over eighteen months after the Board's original action, on the grounds that the Board lacked jurisdiction under Section 426 of the Workers' Compensation Act (Act).[1]

Martha Johnson (Claimant) sustained an injury to her right elbow, right shin, and back, on March 12, 1988, while working as a food preparation clerk for Employer. Subsequently, Employer issued a notice of compensation payable. Claimant did not miss any time from work until June 20, 1988, at which time she stopped working and began receiving temporary total disability benefits in the amount of $184.00 per week. These benefits continued until August 1, 1988 when she returned to work, and on September 12, 1988, Claimant signed a final receipt.

However, on October 13, 1989, Claimant once again had to stop working due to her physical condition. At that time, Employer accepted Claimant's condition as a recurrence of her March 12, 1988 injury, and, by a supplemental agreement dated December 19,

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 871.

1989, reinstated Claimant's benefits as of October 13, 1989.

On November 13, 1990, Employer filed a termination petition, alleging that Claimant's disability had ceased as of September 10, 1990. A hearing on that matter was scheduled before Referee[2] Fred Troilo. Employer presented the medical testimony of Dr. James Bonner. Claimant testified on her own behalf and also presented the medical testimony of her treating physician, Dr. Jon Fisher. The referee found the testimony of Claimant and her doctor to be more persuasive than that of Dr. Bonner. Based on this finding, the referee denied Employer's termination petition and ordered that Employer continue paying Claimant benefits.

Employer initially appealed this decision to the Board, but subsequently decided not to pursue its appeal and requested that its appeal be withdrawn. By an order dated December 3, 1992, the Board, in accordance with Employer's request, marked the appeal "withdrawn" and closed the record.

On April 23, 1993, Employer filed a second termination petition and a petition to review medical treatment and/or billing.[3] In the course of this proceeding, Employer became aware for the first time that Claimant had injured her back in a non-work-related fall on March 8, 1989. Employer also discovered at that time that Claimant's treating physician, Dr. Fisher, had not only been aware of this incident, but had provided medical treatment to Claimant for that lower back injury. Although this fall occurred almost a year after her initial injury, it occurred prior to Claimant's reinstatement of benefits in October of 1989.

On October 3, 1994, based on the failure of Claimant and her doctor to disclose medical information relating to the issue of whether the recurrence of Claimant's injury was work-related, Employer petitioned the Board for a rehearing from the Board's December 3, 1992 order which had simply ordered that the case be closed.[4] Although the Board found that Employer had established "such 'cause' as would entitle it to a rehearing," it held that Employer's request for a rehearing must be denied because the Board lacked jurisdiction to decide otherwise. (Board Opinion at 4.) The Board reached this conclusion based on Section 426 of the Act, 77 P.S. § 871, which states that a rehearing cannot be granted more than eighteen months after the Board's "award, disallowance or other order or ruling." Employer appeals that decision to our Court.

The first issue before us is whether the Board erred in denying Employer a rehearing on the grounds that it lacked jurisdiction under Section 426 of the Act. Like the Board below, we are not unsympathetic towards Employer's position, but we cannot disregard the clear jurisdictional requirements under the Act and, therefore, agree with the Board's conclusion despite some compelling equitable considerations which exist in this case.

Section 426 of the Act states:

The board, upon petition of any party and upon cause shown, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a referee; but *such rehearing shall not be granted more than eighteen months after the board has made such award, disallowance, or other order or ruling, or has sustained or reversed any action of the referee....*

77 P.S. § 871 (emphasis added). Employer does not dispute that its petition for a rehearing was filed more than eighteen months after the Board's December 3, 1992 order. Employer argues, however, that the eighteen month limitation should be relaxed in *this*

---

2. Pursuant to Section 401 of the Act, as amended by Act 44, Act of July 2, 1993, P.L. 190, referees are now called Workers' Compensation Judges as of August 31, 1993. 77 P.S. § 701. However, for decisions made prior to that date, we continue to refer to referees as such and not as judges.

3. A decision regarding these two petitions has not yet been reached; both petitions are presently pending.

4. The order reads in its entirety: "Pursuant to the written request of the Defendant Haverford State Hospital this Appeal is hereby withdrawn and the record in this case closed."

case because of the discovery of medical evidence which Claimant and her doctor did not initially disclose. While Employer's argument addresses the underlying merits of granting its request for a rehearing, Employer fails to cite to a single case or statutory authority which would warrant extending the time requirement of Section 426 of the Act.

■ The language of Section 426 is clear and unambiguous; furthermore, this Court has previously held that this jurisdictional limitation is absolute and cannot be extended even where after-discovered evidence is presented by the petitioner. *Schiller v. Workmen's Compensation Appeal Board*, 48 Pa. Cmwlth. 336, 409 A.2d 531 (1980). Therefore, because Employer failed to petition the Board for a rehearing within the time constraints of Section 426 of the Act, the Board properly determined that it lacked jurisdiction over this matter.[5]

Moreover, the order which Employer wishes the Board to "reconsider" actually does nothing more than close the record; and that order was entered at the Employer's direct written request. The Board exercised no actual discretion in entering that order and, in effect, what Employer is really requesting is to go back in time so *it* may have a second chance to reexamine the reason *it* chose to withdraw the appeal.[6]

■ Employer further argues that even if, technically, its application for a rehearing under Section 426 is not the correct procedure, this Court should nevertheless grant it relief because "in light of the concealment of evidence, Employer's potential relief from a new petition is inferior to obtaining similar relief upon rehearing of the 1990 termination petition." (Employer's brief at 32.) Employer argues that a strict application of the jurisdictional time requirement of Section 426 is patently unfair, rewarding Claimant for her failure to fully disclose her medical history, unduly burdening Employer, and creating an incentive for future litigants to engage in deceptive practices in workers' compensation proceedings. Employer, relying on *Phillips v. Workmen's Compensation Appeal Board*, 519 Pa. 31, 545 A.2d 869 (1988), concludes that principles of justice and public policy require this Court to create an exception to the eighteen month statutory time limitation for filing a petition for rehearing found in Section 426 of the Act.[7]

In *Phillips*, the Supreme Court, by an equally divided court, affirmed this Court and a referee's order which denied a claimant's reinstatement petition and nullified

---

5. Employer additionally argues that the Board had the power to extend the period in which a petition for rehearing could be filed pursuant to Section 423 of the Act, 77 P.S. § 853. However, while Section 423 of the Act authorizes the Board to extend the time in which a party is allowed to file an appeal or other related pleadings, its provisions do not apply to a petition for a rehearing. Section 426 of the Act expressly provides an eighteen month time limitation on the filing of a petition for rehearing, and there is no language contained therein which would suggest that the Legislature intended to grant the Board the power to extend this period as was done in Section 423 of the Act. *See Boyce v. Workmen's Compensation Appeal Board (Penn State Services)*, 91 Pa.Cmwlth. 389, 497 A.2d 280 (1985).

6. As we commented recently in another case, we question whether a party can properly bring a petition for a rehearing under Section 426 of the Act when that party's original appeal has been withdrawn before the Board actually holds a hearing or makes a decision on the merits. *See Clark v. Workmen's Compensation Appeal Board (Keystone Lawn Spray)*, 672 A.2d 348 (Pa.

Cmwlth.) (Published by order of the Court dated March 1, 1996). It is not clear that the Board's order here merely accepting the voluntary withdrawal of Employer's appeal and closing the record in the case constitutes an "award or disallowance of compensation or other order or ruling" **of the Board** from which a rehearing could be granted. *Id.* However, since we are holding that Employer's petition for rehearing would be barred as untimely in any case, we need not address that question.

7. We additionally note that although the Board has broad discretion to grant a rehearing, and may do so in the interests of justice even in the absence of after-discovered evidence, the Board's power is still strictly limited by the jurisdictional limitations of Section 426 of the Act. *See Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988) (although holding that Board had broad discretion in granting a petition for a rehearing, Supreme Court recognized that the petition must be filed within eighteen months after the Board's original decision under Section 426); *Handee Marts, Inc. v. Workmen's Compensation Appeal Board (Fronzaglio)*, 673 A.2d 1049 (Pa.Cmwlth.)

both the original and supplemental compensation agreements on grounds of fraud. The referee had found that claimant and his counsel had deliberately concealed claimant's prior ten-year history of medical treatments for a low back injury which occurred prior to his fall from a ladder at work. On the after-discovered medical report from his treating physician, which stated that in the doctor's opinion it would be impossible to relate the claimant's back problems to his fall at work, was the notation "Do not [send] to ins. co. lawyer," placed there by claimant's counsel. *Id.* at 35, 545 A.2d at 871. Under those facts, the referee set aside the *original* compensation agreement "as having been induced by fraud." *Id.* at 37, 545 A.2d at 872.

The *Phillips* decision, however, was rendered in the context of a petition to terminate filed by the employer where the referee had had the opportunity to review all of the underlying facts regarding the concealment of evidence. The posture of the present appeal, of course, is far different, and, as indicated earlier, Employer's 1993 termination petition is still pending before the compensation authorities.[8] What Employer argues is that if a rehearing is denied on its first termination petition, which was the subject of the Board's December 3, 1992, order, it will be precluded from receiving reimbursement from the Supersedeas Fund from the date of its first request for supersedeas on November 13, 1990. However, while it is true that Employer is barred from obtaining a rehearing from the Board concerning the

Board's order of December 3, 1992, the order at the heart of the present appeal, nothing in our decision today precludes Employer from protecting its rights in the matter of the termination petition still pending before the compensation authorities.

As pointed out in *Phillips,* under Section 413 of the Act, the referee "may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement ... upon petition filed by either party with the Department, ... in the course of the proceedings under any petition pending before such referee, if it be proved that such notice of compensation or agreement was in any material respect incorrect." 77 P.S. § 771. Therefore, Employer would be clearly entitled to address the issue of the nullifying effect of the concealed medical evidence on the supplemental agreement of December 19, 1989, in those proceedings.[9] *Phillips.*

Accordingly, the order of the Board denying Employer's request for a rehearing is affirmed.[10]

### *ORDER*

NOW, April 26, 1996, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

**8.** At Employer's request, Workers' Compensation Judge John Liebau continued indefinitely proceedings on Employer's petition to terminate, as well as its petition to review medical treatment and/or billing, pending the outcome of this appeal.

**9.** Contrary to Employer's assertion, our conclusion that it is not entitled to a rehearing under Section 426 of the Act does not necessarily prevent it from ultimately prevailing to the same extent as if it were granted a rehearing. Employer could amend its termination petition, or alternatively file a new petition, to set aside the 1989 supplemental agreement on the basis of fraud under Section 413 of the Act.

We additionally note that *if* Claimant, her doctor or her attorney intentionally withheld information concerning Claimant's disability, they could be subject to sanctions under the new anti-

fraud provisions of the Act. *See* Sections 1101–1111 of the Act, added by Section 20 of the Act of July 2, 1993, P.L. 190 (Act 44), 77 P.S. § 1039.1–1039.11. If convicted for fraud under the Act, they could be forced to make restitution to Employer and its insurance carrier under Section 1106 of the Act, 77 P.S. § 1039.6. However, while making this observation on the possible legal remedies available to Employer against Claimant, her doctor and her attorney, we must stress that we are not making a judgment concerning whether their conduct was in fact intentional or in any way improper. We merely wish to point out that, contrary to the assertions of Employer, a rehearing before the Board is not the only legal avenue available.

**10.** Employer raised issues in this appeal regarding the merits of the underlying claim. Because of our disposition in this matter, however, we will not consider those issues.