**SCHOOL DISTRICT OF
PHILADELPHIA,**
**Petitioner,**

v.

**WORKMEN'S COMPENSATION
APPEAL BOARD (McCLARY),**
**Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 10, 1996.

Decided July 16, 1996.

---

Brian J. Durkin, for Petitioner.

Brian P. McGovern, for Respondent.

Before DOYLE and FLAHERTY, JJ., and KELTON, Senior Judge.

DOYLE, Judge.

The School District of Philadelphia (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which denied Employer's motion for reconsideration of the Board's decision to grant Mary McClary's (Claimant) request for a rehearing pursuant to Section 426 of the Workers' Compensation Act (Act).[1]

The relevant facts are as follows. On March 6, 1987, Claimant filed a claim petition in which she alleged that she sustained work-related injuries to her neck, back, knees and wrist while performing her duties as a special education teacher's assistant, and that as a result of these injuries, she was permanently disabled from work beginning January 2, 1989.[2] According to her claim petition, these injuries were caused when Claimant fell on the floor of the Academy of Music while accompanying a group of students on a field trip on January 29, 1987. Claimant stopped working on January 2, 1989, almost two years after her alleged injury in 1987,[3] and subsequently retired on February 2, 1989.

Employer filed a timely answer to the claim petition in which it denied all material allegations therein. In addition, on July 17, 1989, Employer filed a petition to review the necessity and reasonableness of medical treatment provided to Claimant in connection with her injuries. Hearings were subsequently held before a referee[4] at which Claimant presented the expert medical testimony of Dr. Arnold Lincow, a board certified general practitioner, as well as her own testimony in support of her claim. Dr. Lincow testified that Claimant continued to suffer from injuries to her knee, wrist and back which were directly attributable to her work-related injury. Dr. Lincow further concluded that Claimant was totally disabled and was unable to return to her pre-injury job with Employer.

In rebuttal, Employer presented the medical testimony of Dr. Murray L. Glickman and Dr. Henry S. Weider, both board certified orthopedic surgeons. Dr. Glickman testified not only that Claimant's physical impair-

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 871.

2. Claimant originally alleged that her disability from work began December 26, 1988, but subsequently amended her petition to allege that her disability began on January 2, 1989.

3. Claimant later amended her petition to allege that her disability was also caused by two other work-related accidents. In the first, occurring on May 14, 1985, Claimant allegedly fell off a stool at Olney High School, injuring her right side, knee, shoulder and lower back. Claimant testified that she returned to work after taking 105 sick days despite continuing pain in her back and swelling in her neck and right knee. The second accident occurred on December 23, 1986, when Claimant was allegedly knocked down on a concrete floor by swinging doors at Morrison High School. Claimant testified that she missed six days of work as a result of this second incident. Claimant signed a final receipt from this injury which showed that she recovered and returned to work as of January 9, 1987.

4. Referees are now called Workers' Compensation Judges under the 1993 amendments to the Act. *See* Section 14 of the Act of July 2, 1993, P.L. 190 (Act 44). However, since all aspects of this case were decided by the referee prior to the effective date of the amendments, August 31, 1993, we will refer to the referee as such and not as a Workers' Compensation Judge.

ments were not work-related, but also stated that Claimant was capable of performing her previous job for Employer as of December 13, 1988. In addition, Dr. Weider testified that any medical treatment which Claimant received after January 29, 1987 was unnecessary.

After considering the testimony presented by both parties, the referee found the medical testimony presented by Employer to be more credible than that offered by Claimant. Based on this determination, the referee concluded that Claimant had failed to establish that she had sustained a work-related injury on January 29, 1987, and therefore denied her claim petition by a decision and order circulated June 12, 1992. In addition, the referee granted Employer's petition for review since "all medical treatment performed upon claimant subsequent to January 29, 1987 was unnecessary and noncompensable." (Referee's Conclusion of Law No. 3.) **No appeal was taken to the Board from this order.**

On October 28, 1993, approximately sixteen and one-half months after the referee's decision, Claimant, with new counsel, filed a petition for a rehearing with the Board pursuant to Section 426 of the Act, which provides in pertinent part:

> The board, upon petition of any party and upon cause shown, may grant a rehearing of any petition *upon which the board has made an award or disallowance of compensation, or other order or ruling, or upon which the board has sustained or reversed any action of a referee;* but such rehearing shall not be granted more than eighteen months after the board has made such award, disallowance, or other order or ruling, or has sustained or reversed any action of the referee....

77 P.S. § 871 (emphasis added). Claimant's right to a rehearing was based primarily on her assertion that there existed newly discovered medical evidence which supported her claim. This evidence consisted of the results of an MRI of Claimant's knee which she underwent on August 28, 1992 as well as the medical testimony of Dr. Richard I. Mintz, a cardiologist, who purportedly was prepared to testify that Claimant had suffered multiple myocardial infarctions which were directly related to her work-related slip and fall injury of January 29, 1987. Significantly, the MRI was performed, and Claimant's heart problems became evident, only after the record had been closed by the referee, and therefore, had not been available when the referee made his decision. In addition, Claimant asserted in her petition for rehearing that her former counsel was negligent in failing to present the medical testimony of Dr. Harry Cooper, an orthopedic surgeon, and that her request for a rehearing should be granted in order to avoid the "grave injustice" which would result if this testimony were not heard.

Employer moved to quash Claimant's petition for rehearing on jurisdictional grounds since the Board had never entered an order of any kind in this case, and therefore appeared to be precluded from granting a rehearing under the plain meaning of Section 426 of the Act. Nevertheless, based on this Court's decision in *McBride Transportation Company, Inc. v. Workmen's Compensation Appeal Board (Parker)*, 50 Pa.Cmwlth. 593, 413 A.2d 470 (1980), the Board determined that it did have the authority to grant a rehearing even though Claimant had never appealed the original decision by the referee. Turning to the merits of Claimant's request for a rehearing, the Board further found that the newly discovered evidence as well as the alleged negligence of Claimant's former counsel warranted giving her the opportunity to present this evidence before the referee. The Board, relying on the Supreme Court's decision in *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988), concluded that to find otherwise would be contrary not only to the liberal interpretation in favor of injured workers traditionally accorded the Act, but also would be contrary to the "interest of justice." (Board's decision granting rehearing, 11/9/94, at 10.)

Employer filed an appeal with this Court from that decision as well as a motion for reconsideration and/or certification of its decision by the Board so as to allow an immediate appeal to this Court. However, by an order dated January 24, 1995, we dismissed Employer's appeal, without prejudice, since

the Board's decision constituted a "nonfinal, interlocutory order." (Order of Commonwealth Court, 1/24/95.) Subsequently, in a decision dated November 8, 1995, the Board denied Employer's motion for reconsideration as well as its motion to have the Board's decision certified so as to allow an immediate appeal to this Court. On December 8, 1995, Employer filed a petition for review pursuant to the official note to Pa. R.A.P. 1311, which was granted by an order of this Court dated February 5, 1996.

On appeal, Employer raises the following two issues for our review: (1) whether the Board had jurisdiction to grant a rehearing under Section 426 of the Act where the Claimant's request for a rehearing was made over sixteen months after the referee's final order was entered, and where there was no prior action or order of the Board of any kind since Claimant had failed to appeal the referee's decision; and (2) whether, even if the Board had jurisdiction, the after discovered evidence alleged by Claimant constituted sufficient cause for the grant of a rehearing under Section 426 of the Act.

Employer's first argument is that the Board lacked jurisdiction to grant a rehearing under Section 426 of the Act, 77 P.S. § 871, since Claimant never appealed the referee's decision and no prior action had been taken by the Board regarding the referee's decision in this case. In *Handee Marts, Inc. v. Workmen's Compensation Appeal Board (Fronzaglio)*, 673 A.2d 1049 (Pa. Cmwlth.1996), this same issue was recently addressed by an *en banc* panel of this Court in which we held that the Board lacked jurisdiction to grant a rehearing where the claimant had failed to file an appeal from the referee's decision and the Board had never entered an order on the merits. Since the facts in the present case fall squarely within our holding in *Handee Marts*, the decision of the Board granting a rehearing must be reversed and the original order of the referee reinstated.

In the present case, the Board misconstrued the scope of this Court's earlier decision in *McBride*. In *McBride*, the employer mistakenly believed that it *had* taken an appeal by writing a letter to the referee. We held, under those circumstances, that the Board abused its discretion in not considering the employer's request for a rehearing because the claimant had signed a joint stipulation with the employer *asking* the Board to remand the case to the referee. In *Handee Marts*, we explained that the holding in *McBride* should be viewed narrowly and that "the peculiar facts in *McBride* have never been used as matrix for a principle applied in any other case." *Handee Marts*, 673 A.2d at 1052. As in *Handee Marts*, the present case is clearly distinguishable from *McBride* "because here we lack any agreement to consider the rehearing request and there was nothing filed with the Board or the referee which could even arguably be considered an appeal." [5] *Handee Marts*, 673 A.2d at 1052.

---

**5.** Our decision today is also supported by our decision in *Clark v. Workmen's Compensation Appeal Board (Keystone Lawn Spray)*, 672 A.2d 348 (Pa.Cmwlth.1995), in which a timely appeal was in fact filed with the Board, but was subsequently withdrawn prior to the Board taking any action on the merits. While our decision in that case was ultimately based on the fact that the Board lacked jurisdiction because more than eighteen months had elapsed since the claimant had voluntarily withdrawn his appeal with the Board, we did make the following observation regarding the propriety of granting a rehearing where no action on the merits has been taken by the Board:

We question whether Claimant could properly bring a petition for rehearing under Section 426 of the Act since Claimant's original appeal was withdrawn before the Board actually held a hearing or made a decision. It is not clear that the Board's order merely accepting the voluntary withdrawal of Claimant's appeal and closing the record in the case constitutes an "award or disallowance of compensation or other order or ruling" from which a rehearing could be granted.

*Id.* at 350 n. 6.

Obviously, in the present case, where no appeal was ever lodged with the Board, there is no doubt that the Board has not made an award or taken other action which would permit the granting of a rehearing pursuant to Section 426 of the Act. Unlike *Clark*, there is not even any semblance of an argument which can be made in support of granting a rehearing, and we must conclude that the outcome of the present case is completely governed by *Handee Marts*.

In addition to the narrow exception found in *McBride*,[6] the only other exception to the general rule precluding the Board from granting a rehearing where the Board has not previously reviewed the case is found in the Supreme Court's decision in *Joseph v. Workmen's Compensation Appeal Board (Delphi Co.),* 522 Pa. 154, 560 A.2d 755 (1989). In *Joseph,* **an appeal had been filed with the Board,** a critical fact which is absent in this appeal. Furthermore, the referee had prematurely and improperly closed the record in that case, prior to the time established for the submission of evidence by the parties. Under those unique circumstances, the Supreme Court held that the Board could order a remand of the case using its powers under Section 426 of the Act even though it had not previously issued a decision in the case. Since Claimant in the present case did not file an appeal with the Board, and does not allege that the record was closed early or that she was otherwise precluded from presenting evidence, the facts in this case are readily distinguishable from those in *Joseph.*

Accordingly, for the reasons enumerated above, we reverse the decision of the Board and order that Claimant's request for a rehearing in this case be denied.[7]

### ORDER

NOW, July 16, 1996, the order of the Workmen's Compensation Appeal Board which granted Mary McClary's petition for a rehearing in the above-captioned case is hereby reversed.

---

6. We note that in *Johnson v. Workmen's Compensation Appeal Board (Carter Footwear, Inc.),* 122 Pa.Cmwlth.404, 552 A.2d 331 (1988), we granted a rehearing based on after-discovered evidence even though an appeal was apparently never filed with the Board. However, the issue of whether the Board had jurisdiction under Section 426 of the Act was never raised in that case and was not addressed by the Court in reaching its decision. Furthermore, to the extent that *Johnson* conflicts with our recent *en banc* deci-

sion in *Handee Marts,* it has been implicitly overruled.

7. Since the Board lacked jurisdiction to grant a rehearing under Section 426 of the Act, we do not need to address the second issue raised concerning whether the after-discovered evidence alleged by Claimant was sufficient to justify the Board's decision to grant a rehearing.