# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen Clark,                              :
                    Petitioner            :
                                          :
            v.                            :
                                          :
Workers' Compensation Appeal              :
Board (Keystone Lawn Spray                :
and Zenith Insurance Company),            :    No. 195 C.D. 2019
                    Respondents           :    Submitted:  August 23, 2019


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                               FILED:  October 30, 2019


Stephen Clark (Claimant), pro se, petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) February 7, 2019 order (2019 Board Order) denying Claimant's appeal from the Referee's[1] decision circulated on September 20, 1988 (Referee's Decision) which terminated Claimant's WC benefits

---

[1]    Referees are now called [WC] Judges [(WCJ)] under the 1993 amendments to the [WC] Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 701. *See* Act 44, Act of July 2, 1993, P.L. 190. However, since this case was before the referee prior to the effective date of the amendments, August 31, 1993, we will refer to the [R]eferee as such and not as a [WCJ].

*Clark v. Workmen's Comp. Appeal Bd. (Keystone Lawn Spray)*, 672 A.2d 348, 349 n.1 (Pa. Cmwlth. 1995).

as of August 16, 1983. The issue before this Court is whether the Board properly dismissed Claimant's appeal as untimely.[2] After review, we affirm.

The underlying facts in this matter are set forth in *Clark v. Workmen's Compensation Appeal Board (Keystone Lawn Spray)*, 672 A.2d 348 (Pa. Cmwlth. 1995) (*Clark I*).[3] In short, as described in the 2019 Board Order,

> [Claimant] sustained a work injury on March 2, 1982[,] when he was exposed to chemicals when working as a lawn spray technician for the [e]mployer, Keystone Lawn Spray [(Employer)]. The claim was awarded, but later in [the Referee's Decision], [Claimant] was deemed fully recovered and benefits were terminated effective August 16, 1983.

2019 Board Order at 1. The Referee's Decision was circulated on September 20, 1988. On October 15, 1988, Claimant appealed to the Board, but Claimant's counsel voluntarily withdrew the appeal. On May 30, 1990, the Board officially closed the record without reaching the merits of the appeal (1990 Board Order).

On February 19, 1993, four years after the Referee's Decision was circulated, Claimant appealed to the Board *nunc pro tunc*, and requested rehearing. The Board denied Claimant's petitions and, in *Clark I*, this Court affirmed the Board's decision.

On November 3, 2018, approximately 24 years after this Court decided *Clark I*, Claimant again appealed to the Board challenging the Referee's Decision (Referee's Decision Appeal). Reproduced Record at Item No. 2.[4] On February 7,

---

[2] In his Statement of the Questions Involved, Claimant listed eleven issues. However, because the timeliness issue is dispositive, the Court does not reach the other issues.

[3] In a note contained in the certified record, the Board informed this Court that "due to the age of this case, which results from [the Referee's Decision] circulated September 20, 1988, the documents we can provide are limited. The physical records have been purged and there is no digital record available . . . ." Certified Record, Item No. 6.

[4] Claimant filed a reproduced record with this Court, but failed to comply with Pennsylvania Rule of Appellate Procedure 2173, which requires that reproduced record pages be numbered

2019, the Board issued the 2019 Board Order denying Claimant's appeal for lack of jurisdiction because Claimant did not file the Referee's Decision Appeal within 20 days of the Referee's Decision as required by Section 423 of the Act, or within eighteen months after the 1990 Board Order's issuance closing the case, as required by Section 426 of the Act.[5] Claimant appealed to this Court.[6]

Initially, Employer and its insurer, Zenith Insurance Company, (collectively, Respondents) raise several jurisdictional arguments supporting the 2019 Board Order. Given the instant appeal's unique procedural status, this Court first considers Respondents' jurisdictional arguments that: (1) Claimant's appeal was not filed within 20 days of the Referee's Decision in accordance with Section 423 of the Act, 77 P.S. § 853; (2) Claimant's appeal could not be considered a timely petition for rehearing under Section 426 of the Act; and (3) the Board lacked jurisdiction over Claimant's Referee's Decision Appeal because Claimant's appeal to this Court in *Clark I* deprived the Board of jurisdiction.[7]

With respect to Respondents' first contention that Claimant's appeal is untimely, Section 423 of the Act provides that an appeal to the Board from a referee's adjudication must be taken within 20 days after service of notice thereof. "[F]ailure to do so will result in depriving the Board of jurisdiction to hear the appeal." *Ludwikowski v. Workers' Comp. Appeal Bd. (Dubin Paper Co.)*, 910 A.2d 99, 101 (Pa. Cmwlth. 2006).

---

followed by a small "a." Accordingly, this Court references the document consistent with the reproduced record's table of contents.

[5] Added by Act of June 26, 1919, P.L. 642, *as amended*, 77 P.S. § 871.

[6] "This Court's review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated." *Channellock, Inc. v. Workers' Comp. Appeal Bd. (Reynolds)*, 72 A.3d 731, 738 n.7 (Pa. Cmwlth. 2013).

[7] Respondents also contend that Claimant's appeal to this Court is barred by the doctrine of res judicata because the issues Claimant has raised herein were fully litigated in *Clark I*.

Although Section 423 of the Act provides that "[t]he [B]oard may, upon good cause shown, extend the time provided . . . for taking such appeal[,]" 77 P.S. § 853, "[t]his phrase . . . has been interpreted to require that the party seeking to appeal must demonstrate grounds for *nunc pro tunc* relief[.]" *Handee Marts, Inc. v. Workmen's Comp. Appeal Bd. (Fronzaglio)*, 673 A.2d 1049, 1052 (Pa. Cmwlth. 1996). "An appeal *nunc pro tunc* may be permitted when a delay in filing the appeal is caused by extraordinary circumstances involving fraud, administrative breakdown, or non-negligent conduct, either by a third party or by the appellant." *Mountain Home Beagle Media v. Unemployment Comp. Bd. of Review*, 955 A.2d 484, 487 (Pa. Cmwlth. 2008); *see also Radhames v. Tax Review Bd.*, 994 A.2d 1170 (Pa. Cmwlth. 2010); *Sewickley Valley Hosp. v. Dep't of Pub. Welfare*, 550 A.2d 1351 (Pa. Cmwlth. 1988). Thus, as the *Clark I* Court observed: "In the past, we have strictly observed this twenty[-]day time limit for taking an appeal and have held that it cannot be enlarged absent fraud, deception, coercion or duress." *Clark I*, 672 A.2d at 351.

Claimant did not file the Referee's Decision Appeal until November 3, 2018, **more than 30 years after the Referee's Decision**. As Respondents correctly observe, "Claimant does not allege that there was fraud or any breakdown in the [Bureau of Workers' Compensation's] operation *that precluded him from filing the appeal in a timely manner*." Respondents' Br. at 10 (emphasis added). Claimant does not in any manner explain the 30-year delay in filing his Referee's Decision Appeal. Accordingly, the Board properly denied Claimant's Referee's Decision Appeal as untimely under Section 423 of the Act.

Respondents also argue that Claimant's Referee's Decision Appeal could not be considered a timely petition for rehearing under Section 426 of the Act, which provides, in pertinent part:

> The [B]oard, upon petition of any party and upon cause shown, may grant a rehearing of any petition upon which

4

the [B]oard has made an award or disallowance of compensation or other order or ruling, or upon which the [B]oard has sustained or reversed any action of a referee; but **such rehearing shall not be granted more than eighteen months after the [B]oard has made such award, disallowance, or other order or ruling, or has sustained or reversed any action of the referee.**

77 P.S. § 871 (emphasis added). Assuming, arguendo, that this Court considers the Referee's Decision Appeal a petition for rehearing, and concludes that the 1990 Board Order constitutes "an award or disallowance of compensation or other order or ruling" from which a rehearing could be granted, Claimant filed the rehearing petition far beyond eighteen months after the Board issued the 1990 Board Order. 77 P.S. § 871. As discussed, *supra*, Claimant did not meet the requirements for *nunc pro tunc* relief, and, accordingly, Claimant's failure to file a petition for rehearing within eighteen months deprived the Board of jurisdiction to consider such a petition.[8] Because the Board lacked jurisdiction, it properly denied Claimant's appeal.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

Judge Fizzano Cannon did not participate in the decision in this case.

---

[8] Given this Court's disposition of Respondents' first two arguments, wherein it concluded that the Board did not have jurisdiction to consider Claimant's appeal, the Court need not address Respondents' remaining issues or Claimant's arguments.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen Clark,                          :
                        Petitioner      :
                                        :
            v.                          :
                                        :
Workers' Compensation Appeal            :
Board (Keystone Lawn Spray              :
and Zenith Insurance Company),          :       No. 195 C.D. 2019
                        Respondents     :


O R D E R

AND NOW, this 30th day of October, 2019, the Workers' Compensation Appeal Board's February 7, 2019 order is affirmed.


_____
ANNE E. COVEY, Judge