IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent J. Cantera,                          :
                    Petitioner               :
                                             :   No.  835 C.D. 2020
          v.                                 :
                                             :   Submitted:  April 23, 2021
Worley & Obetz (Workers'                     :
Compensation Appeal Board),                  :
                    Respondent               :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                           FILED: July 13, 2021


Vincent J. Cantera (Claimant), *pro se*, petitions for review from the August 4, 2020 order of the Workers' Compensation Appeal Board (Board), which denied as untimely filed his July 29, 2020 petition for rehearing pursuant to section 426 of the Workers' Compensation Act (Act),[1] 77 P.S. §871.  In his petition for rehearing, Claimant sought a rehearing of the Board's November 17, 2015 order affirming the December 5, 2014 decision and order of a Workers' Compensation Judge (WCJ) that, *inter alia*, granted the termination petition filed by Worley & Obetz (Employer).  We affirm.

In pertinent part, section 426 of the Act states as follows:

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by section 6 of the Act of June 26, 1919, P.L. 642, 77 P.S. §871.

> **The [B]oard**, upon petition of any party and upon cause shown, **may grant a rehearing** of any petition upon which the [B]oard has made an award or disallowance of compensation or other order or ruling, or upon which the [B]oard has sustained or reversed any action of a [WCJ]; **but such rehearing shall not be granted more than eighteen months after the [B]oard** has made such award, disallowance, or other order or ruling, or **has sustained** or reversed **any action of the [WCJ]**.

77 P.S. §871 (emphasis added).

The facts relevant to our disposition are as follows. In 2013, Claimant sustained a work-related injury in the nature of a left elbow and left hip contusion as a result of a trip and fall, and Employer originally accepted the injury via a Temporary Notice of Compensation Payable. Subsequently, Claimant filed a petition for review, requesting that the description of his injury be expanded to include a low back injury, which the WCJ granted. In response, Employer filed, *inter alia*, a petition to terminate Claimant's benefits, averring that Claimant had fully recovered from all of his work-related injuries as of August 8, 2013. On December 5, 2014, the WCJ, relying on the expert testimony provided by Employer, granted Employer's termination petition, concluding that Employer had met its burden of proving that Claimant had fully recovered from his work-related injuries. On November 17, 2015, the Board affirmed the decision of the WCJ. On further review to this Court, we affirmed the Board on September 9, 2016, and our Supreme Court denied allowance of appeal on May 16, 2017. *See generally Cantera v. Workers' Compensation Appeal Board (Worley & Obetz)* (Pa. Cmwlth., No. 2388 C.D. 2015, filed September 9, 2016) (unreported), *appeal denied*, 169 A.3d 529 (Pa. 2017) (*Cantera I*).

On July 29, 2020, Claimant filed a petition for rehearing with the Board under section 426 of the Act. Notably, Claimant filed this petition over 4½ years after the Board issued its decision affirming the WCJ. Claimant's petition was also filed

over three years after our Supreme Court denied allowance of appeal in *Cantera I*. In his petition, Claimant asserted that he had obtained after-discovered evidence, namely that he learned of an alleged sexual relationship between a witness for Employer and an executive officer of Employer and that Employer's executive officer was convicted of crimes. Claimant also advanced general allegations that, during the proceedings in *Cantera I*, he was denied a fair trial under the constitutions of the United States and this Commonwealth, and Employer's expert submitted false and inaccurate testimony. Finally, Claimant contended that his counsel rendered ineffective assistance while litigating the case before the WCJ in *Cantera I*. (Certified Record (C.R.) No. 3.)

On August 4, 2020, the Board denied Claimant's rehearing petition, first and foremost because it was untimely filed. Claimant then filed a petition for review in this Court, reiterating, in large part, the allegations in his rehearing petition.

More specifically, Claimant argues that the Board abused its discretion and should have granted a rehearing and reopened the case on grounds of newly-discovered evidence because a witness was involved romantically with Employer's Chief Executive Officer (CEO) and the CEO was involved in a criminal bank fraud scheme. Claimant further contends that he received after-discovered evidence upon realizing that Employer's expert in the termination proceedings had no factual or scientific basis for his medical opinions. Claimant additionally asserts that the WCJ's rulings and ultimate decision reflect constitutional errors and that his counsel rendered ineffective assistance.

As noted above, the plain language of section 426 of the Act provides the Board with the authority to grant a rehearing petition if, and only if, that petition is filed within 18 months of the underlying Board's decision. It is now beyond cavil that this Court strictly enforces this bright-line rule, and that any petition for a rehearing that is

3

filed with the Board beyond the 18-month timeframe will be dismissed as untimely. *See, e.g.*, *Haverford State Hospital v. Workmen's Compensation Appeal Board (Johnson)*, 675 A.2d 396, 398 (Pa. Cmwlth. 1996) ("The language of [s]ection 426 is clear and unambiguous; furthermore, this Court has previously held that this jurisdictional limitation is absolute and cannot be extended even where after-discovered evidence is presented by the petitioner."); *Smiths Implements, Inc. v. Workmen's Compensation Appeal Board (Leonard)*, 673 A.2d 1039, 1042 (Pa. Cmwlth. 1996) ("The petition for rehearing must be presented not more than eighteen months after the Board has taken final action."). Moreover, it is also well settled that "once this Court has entered a 'final' order in a case, the Board is divested of jurisdiction, [and] cannot grant a rehearing even within the [18]-month period allowed by the Act." *Smiths Implements, Inc*, 673 A.2d at 1042; *see Kuriakose v. Workmen's Compensation Appeal Board (J.F. Kennedy Hospital)*, 681 A.2d 1389, 1391 (Pa. Cmwlth. 1996) ("[W]e expressly held that the entry of a final order by this Court divests the Board of jurisdiction to grant a petition for rehearing.") (citing *Jones v. Workmen's Compensation Appeal Board (Midland-Ross Corp.*), 612 A.2d 570 (Pa. Cmwlth. 1992)). As explained in *Kuriakose*, "[w]hen this Court enters an order deciding an appeal, that order is final. Such an order remains final until it is reversed by the Supreme Court." *Kuriakose*, 681 A.2d at 1391-92.

Here, as noted above, the Board issued its order on November 17, 2015, wherein it affirmed the WCJ's order and decision granting, *inter alia*, Employer's termination petition. On September 9, 2016, this Court affirmed the Board's order, and on May 16, 2017, the Supreme Court denied Claimant's petition for allowance of appeal. Claimant did not file his rehearing petition with the Board until July 29, 2020. Consequently, not only was Claimant's rehearing petition untimely filed under section

4

426 of the Act, it was also filed at a point when the Board lacked jurisdiction to entertain such a petition due to the final order of this Court in *Cantera I* disposing of the appeal on the merits. Therefore, we are unable to conclude that the Board erred in denying Claimant's rehearing petition.

Accordingly, we affirm.[2]

_____

PATRICIA A. McCULLOUGH, Judge

---

[2] Alternatively, even if Claimant filed a timely rehearing petition, we fail to see how the allegations set forth in that petition warrant a rehearing. Particularly, it is difficult to decipher how Claimant's alleged after-discovered evidence would have impacted the credibility of Employer's witness; Claimant has not provided any medical documentation or affidavits to establish that Employer's expert issued an incompetent or medically impossible expert opinion; and Claimant advances only bald allegations that his counsel rendered ineffective assistance. Quite simply, even if the Board had jurisdiction in the case and the petition had been timely filed, these generalized averments do not require the Board to reopen a case for a new hearing before a WCJ. *See, e.g.*, *Martell v. Workers' Compensation Appeal Board (Doyle Equipment)*, 707 A.2d 242, 244 (Pa. Cmwlth. 1998) ("While . . . the Board has broad discretion to order rehearing where the interests of justice so require, they do not mandate rehearing every time a losing party can point to some evidence which his attorney did not introduce."); *UGI Corp. v. Workmen's Compensation Appeal Board (Wagner)*, 566 A.2d 1264, 1265 (Pa. Cmwlth. 1989) (concluding that a rehearing was not merited where the appeal forms contained only bald and conclusory statements of after-discovered evidence, with no support by affidavit, medical documentation, or otherwise); *Cisco v. Workmen's Compensation Appeal Board (A&P Tea Company)*, 488 A.2d 1194, 1196 (Pa. Cmwlth. 1985) (stating that the Board cannot be said to have abused its discretion in denying a request for a rehearing where a "[c]laimant has failed to show how the newly[-]discovered evidence could change the outcome of the case"); *cf. Puhl v. Workers' Compensation Appeal Board (Sharon Steel Corp.)*, 724 A.2d 997, 1002 n.10 (Pa. Cmwlth. 1999) ("[A] rehearing is not permitted simply for the purpose of strengthening weak proofs which have already been presented.").

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent J. Cantera,              :
              Petitioner      :
                               :    No. 835 C.D. 2020
         v.                    :
                               :
Worley & Obetz (Workers'     :
Compensation Appeal Board),   :
              Respondent   :

## ***ORDER***

AND NOW, this 13th day of July, 2021, the August 4, 2020 order of the Workers' Compensation Appeal Board is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge