# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James McFillin, :
                Petitioner :
                        :
      v. :
                        :
Workers' Compensation Appeal :
Board (Township of Lower Merion :
and Delaware Valley Workers :
Compensation Trust), : No. 478 C.D. 2018
               Respondents :

James McFillin, :
                Petitioner :
                        :
      v. :
                        :
Workers' Compensation Appeal :
Board (Township of Lower Merion), : No. 479 C.D. 2018
              Respondent : Submitted: November 30, 2018

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                       FILED:  February 4, 2019

James McFillin (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) March 15, 2018 order affirming the Workers' Compensation Judge's (WCJ) decision dismissing as untimely Claimant's Petition for Reinstatement (Reinstatement Petition), denying his Claim Petition and denying his Motion for Remand/Rehearing (Motion). Claimant presents two issues for this Court's review: (1) whether the Agreement for Compensation purportedly signed by Claimant and Lower Merion Township's

(Employer) insurance carrier on September 15, 2010 (Compensation Agreement) should have been considered in resolving Claimant's Reinstatement Petition; and (2) whether the grievance arbitrator's (Arbitrator) decision should have been considered in determining Claimant's Claim Petition. After review, we affirm.

Claimant was employed by Employer as a police officer. On January 31, 2007, Claimant injured his back while getting out of his police car. On October 19, 2009, Employer issued a medical-only Notice of Temporary Compensation Payable (NTCP) describing Claimant's injury as a low back sprain/strain. Claimant continued working until he retired effective July 31, 2012. Claimant originally received an age and service pension from Employer. Claimant subsequently filed a grievance under the collective bargaining agreement (CBA) between the police union and Employer, and the Arbitrator issued a decision converting Claimant's age and service pension to a service-connected disability pension.

On June 18, 2015, Claimant filed the Reinstatement Petition alleging that his 2007 work injury caused his decreased earning power as of 2012. Claimant also filed the Claim Petition alleging that on July 1, 2012, he sustained injuries to his lumbar spine, neck and both shoulders, and radiculopathy and myofascial pain syndrome while performing police duties, which were aggravations of the prior work injury. Claimant alleged that he notified Employer of this injury. Claimant sought total disability benefits from July 1, 2012, and ongoing. Employer denied Claimant's allegations.

The Reinstatement and Claim Petitions were consolidated before the WCJ. On January 24, 2017, the WCJ denied both Petitions. The WCJ concluded that the Reinstatement Petition was time-barred because it was not filed within three years of the January 31, 2007 work injury date. The WCJ also concluded that since collateral estoppel did not apply to the grievance Arbitrator's decision, the WCJ was not bound by the Arbitrator's findings. Relative to the Claim Petition, the WCJ

concluded that Claimant failed to prove he sustained a work-related injury on or about July 1, 2012, or that he notified Employer of such injury. On February 9, 2017, Claimant appealed from the WCJ's decisions to the Board. On April 14, 2017, Claimant filed the Motion with the Board pursuant to Section 426 of the WC Act (Act).[1] In his Motion, Claimant requested a hearing to introduce the Compensation Agreement. On March 15, 2018, the Board denied Claimant's Motion and affirmed the WCJ's decisions. Claimant appealed to this Court.[2]

Claimant first argues that the Compensation Agreement should have been considered in resolving Claimant's Reinstatement Petition.[3] We disagree.

Initially, Section 315 of the Act provides, in relevant part:

> In cases of personal injury[,] all claims for compensation shall be forever barred, unless, within three years after the

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 6 of the Act of June 26, 1919, P.L. 642, 77 P.S. § 871. Section 426 of the Act governs rehearing requests.

> [A] petition for rehearing under [S]ection 426 of the Act is properly filed only *after* the [Board] has issued a decision. Because Claimant filed his petition *before* the [Board] ruled in this matter, Claimant's Petition for Rehearing was premature. Thus, Claimant's request to present new evidence is properly considered a Petition for Remand under [S]ection 419 of the Act[, added by Section 6 of the Act of June 26, 1919, P.L. 642, 77 P.S. § 852].

*Puhl v. Workers' Comp. Appeal Bd. (Sharon Steel Corp.)*, 724 A.2d 997, 1000 n.4 (Pa. Cmwlth. 1999) (citation omitted).

[2] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

[3] This Court will treat Claimant's Reinstatement Petition as a Claim Petition since the only other document before the WCJ was Employer's October 19, 2009 medical-only NTCP, which, presumably, converted to a Notice of Compensation Payable 90 days thereafter. Because Employer never accepted and Claimant never proved that he was disabled from the 2007 injury, disability had not been suspended when the NCP was issued. Therefore, Claimant could not seek to have disability benefits reinstated, and the 500–week period for reinstatement of benefits does not govern this case. *See Sloane v. Workers' Comp. Appeal Bd. (Children's Hosp. of Phila.)*, 124 A.3d 778 (Pa. Cmwlth. 2015).

3

injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.

77 P.S. § 602.  Here, because Claimant's injury occurred January 31, 2007, pursuant to Section 315 of the Act, Claimant's claim was "forever barred" unless an agreement of compensation or a petition was filed by January 31, 2010.  *Id.*  Claimant filed his Reinstatement Petition on June 18, 2015.  In addition, Claimant's Compensation Agreement, even if it were properly introduced and admitted into evidence before the WCJ,[4] was purportedly signed on September 15, 2010.  Accordingly, since neither document was executed within the allotted time period, the WCJ properly determined the Reinstatement Petition was untimely.

Moreover,

[a] request for remand to the [WCJ], when accompanied by supporting evidence, constitutes the equivalent of a petition for rehearing, which is granted to allow a party to present newly[-]discovered, noncumulative evidence.  The decision whether to grant or deny such petition is within the Board's discretion and will not be reversed except for an abuse of that discretion.

*Cisco v. Workmen's Comp. Appeal Bd. (A&P Tea Co.)*, 488 A.2d 1194, 1196 (Pa. Cmwlth. 1985) (citation omitted).  Further, "[t]he Board cannot be said to have abused its discretion in denying a request for remand where [a c]laimant has failed to show how the newly[-]discovered evidence could change the outcome of the case." *Id.*

Here, the Board denied Claimant's Motion, stating:

[A] rehearing is not allowable simply for the purpose of strengthening weak proofs that have already been presented, or to introduce previously[-]available evidence to attempt to

---

[4] Claimant did not introduce the Compensation Agreement before the WCJ, but rather filed the Motion before the Board for a remand/rehearing for that purpose.

cure a failure to satisfy the burden of proof before the WCJ.
. . .

> Claimant alleges that he did not know about the [Compensation] Agreement and that it was not available by any reasonable effort because it was apparently in [Employer's] sole possession.[5] However, he does not explain why. An [a]greement for [c]ompensation is a document that both a claimant and employer would execute, not something that an employer would unilaterally issue. Claimant fails to explain how he would execute an [a]greement for [c]ompensation providing for receipt of disability benefits but not have knowledge of it and not be able to receive a copy from [Employer]. Claimant does not allege that he requested a copy but [Employer] refused to provide him with one or falsely denied its existence. Nor does he explain how he came into possession of the document. The [Compensation Agreement], if it existed, should have been equally available to Claimant and [Employer], and Claimant has not adequately explained why it would not have been. Therefore, we determine that a remand is not warranted and we deny Claimant's [Motion].

Board Dec. at 12. This Court discerns no abuse of discretion in the Board's analysis.

Moreover, our Supreme Court has held: "[T]he Act provides no mechanism whereby an agreement can create or resurrect a right under the statute, where the statute itself mandates that the right is expired." *Cozzone v. Workers' Comp. Appeal Bd. (Pa. Mun./E. Goshen Twp.)*, 73 A.3d 526, 542 (Pa. 2013). Given the purported date of the Compensation Agreement, it was executed too late to preserve Claimant's claims. Thus, the Compensation Agreement, if considered, would not have changed the outcome in resolving Claimant's Reinstatement Petition. Accordingly, the Board properly denied the Motion.

Claimant next argues that the Arbitrator's decision should have been considered in determining the Claim Petition. Specifically, Claimant contends that

---

[5] Employer denies this allegation.

5

collateral estoppel precluded the WCJ from denying the Claim Petition because the Arbitrator awarded Claimant a disability pension. We disagree.

> This Court has explained:
>
> > Collateral estoppel, also known as issue preclusion, prevents relitigation of questions of law or issues of fact that have already been litigated in a court of competent jurisdiction. The doctrine of collateral estoppel is based on the policy that a losing litigant does not deserve a rematch after fairly suffering a loss in adversarial proceedings on an issue identical in substance to the one he subsequently seeks to raise.
> >
> > Collateral estoppel will foreclose relitigation of issues of fact or law in subsequent actions where the following criteria are met: (1) **the issue in the prior adjudication is identical to the one presented in the later action**; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; (4) the party against whom collateral estoppel is asserted has had a full and fair opportunity to litigate the issue in the prior action; and (5) the determination in the prior proceeding was essential to the judgment.

*Merrill v. Workers' Comp. Appeal Bd. (Dep't of Corr.)*, 158 A.3d 242, 245 (Pa. Cmwlth. 2017) (emphasis added; citations omitted). All of the factors must be met for collateral estoppel to apply. *Hulmes v. Workers' Comp. Appeal Bd. (Rite Aid Corp.)*, 811 A.2d 1126 (Pa. Cmwlth. 2002).

Here, Claimant asserts that the Arbitrator's award precludes the WCJ's denial of the **Claim Petition**. However, the Claim Petition reflects that Claimant sustained an injury on **July 1, 2012**. *See* Reproduced Record (R.R.) at 5a. According to the Arbitrator's Introduction and Statement of Relevant Facts: "At the time of his retirement in July 2012,[6] [Claimant] maintained that he was forced to retire due to a permanent, service-related disability that occurred in the **January, 2007 incident**."

---

[6] Claimant retired July 31, 2012.

6

R.R. at 72a (emphasis added). The Arbitrator's decision nowhere references a July 1, 2012 injury. *See* R.R. at 69a-77a.

Further, the Arbitrator concluded: "I find that Officer McFillin is entitled to a service-connected disability pension." R.R. at 76a. A police officer is eligible for a service-connected disability pension if he "suffers a work-related injury that the [o]fficer believes renders him or her totally disabled as defined in Article 14.5.A of [the CBA]." Article 14.5.A of the CBA defines "'Total Disability' [as] [m]entally or physically unfit for an indefinite duration and recovery is not predicted in the foreseeable future to perform the duties presently being provided by a Lower Merion Police Officer." R.R. at 61a.

As the issue in the Claim Petition was whether Claimant sustained a work-related injury **on July 1, 2012**, and the issue in the arbitration proceeding was whether Claimant was entitled to a service-connected disability, "the issue in the [arbitration proceeding] is [not] identical to the one presented in the [Claim Petition]." *Merrill*, 158 A.3d at 245. Because all five factors are not met, collateral estoppel does not apply. *Hulmes.* Accordingly, collateral estoppel did not preclude the WCJ from denying the Claim Petition.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

James McFillin, : 
                Petitioner : 
                 : 
        v. : 
                 : 
Workers' Compensation Appeal : 
Board (Township of Lower Merion : 
and Delaware Valley Workers : 
Compensation Trust), :   No. 478 C.D. 2018
            Respondents : 

James McFillin, : 
                Petitioner : 
                 : 
        v. : 
                 : 
Workers' Compensation Appeal : 
Board (Township of Lower Merion), :   No. 479 C.D. 2018
            Respondent : 

# O R D E R

AND NOW, this 4th day of February, 2019, the Workers' Compensation Appeal Board's March 15, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge